THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALICE STOBO, Respondent, v. JAMES S. EADIE, as President of the GLOBE FIRE INSURANCE COMPANY, and Another, Appellants.

*Corporations — inspection of transfer-book — the power to grant it is not confined to the statutory period.*

Alice Stobo obtained a peremptory writ of *mandamus* allowing her to inspect the transfer-book of a corporation, upon an affidavit alleging that she held stock of the company in certificates which ran in the name of her deceased husband

The application was not made within thirty days of an election of directors and officers, as specified in section 199, chapter 409, Laws of 1882, although the

applicant believed herself to be within such time, information as to the date of the annual meeting having been refused her by the corporation.

*Held,* that such an application was addressed to the discretion of the court, and although not made within the period during which the statute gives to the stockholder an absolute right of examination, the present was a proper case for a favorable exercise of discretion. (Van Brunt, P. J., dissenting.)

Appeal by James S. Eadie, as president of the Globe Fire Insurance Company, and also by said company, from an order of the Supreme Court, made on the 29th day of December, 1891, directing that a peremptory *mandamus* issue permitting Alice Stobo, or her attorney, to examine and inspect the transfer-book of the Globe Fire Insurance Company, or such book kept by it as contained the names of its stockholders.

*Lemuel Skidmore,* for the appellants.

*James J. Allen,* for the respondent.

O'Brien, J.:

From the order that a peremptory writ of *mandamus* issue out of this court, directed to appellants Eadie, as president, and the Globe Fire Insurance Company, commanding them to permit the relator, Alice Stobo, or James J. Allen, her attorney, to examine and inspect the transfer-book of the company, or such book kept by it as contains the names of the stockholders, this appeal is taken.

The application was made upon affidavits in which it was stated that the Globe Fire Insurance Company was a domestic corporation; that Alice Stobo, the relator, held, in certificates, seventy-five shares of the capital stock of said company, which certificates were made out in the name of her deceased husband, Robert Stobo; that she went with her counsel to the office of the company for the purpose of obtaining an inspection of the transfer-book or book containing a list of the stockholders of said company, in order that she might be able to vote intelligently at the approaching meeting of the stockholders of said company; that she requested the president to permit her to examine the same, which was refused. It also appears that Mrs. Stobo's attorney had, prior to that time, called and made the same request, which was refused; and on another occasion he again

called and requested to be informed as to the date of the annual meeting, which information was also refused.

In her affidavit Mrs. Stobo further states that she was informed and believed there was to be a meeting of the stockholders of the company for the election of directors and officers some time between the 1st and 5th days of January, 1892.

It will thus be seen that after information as to the real date of the meeting was refused, and acting upon the information which the relator received and believed, that the election of directors and officers would occur within thirty days after her application for permission to inspect the book containing the names of stockholders, she made this application intending to take advantage of the provision of the statute which gives the absolute right to a stockholder, within thirty days prior to an election, to make an examination of the books containing the names of stockholders.   (Chap. 409, § 199, Laws of 1882.)

Upon the argument of the motion it appeared for the first time that the application was not made within thirty days of an election.   The court, however, held that the papers disclosed sufficient to authorize it to exercise its discretion, and accordingly the order appealed from was made.

It must be apparent, from the papers themselves, that if the court had any discretion it was wisely exercised in granting the application.   The principal ground upon which the appellant relies is that the court has not the power, or that if it had it will not enforce it in any case in favor of the right of a stockholder to inspect the books of a corporation, except at the time and in the manner specified by the statute governing the corporation.   To sustain this ground the appellant relies upon two cases, that of *People ex rel. Hatch* v. *The Lake Shore and Michigan Southern Railroad Company* (11 Hun, 1), and the *People ex rel. Field* v. *Northern Pacific Railroad* (18 J. & S., 459).

An examination, however, of those cases will show that the ground of the refusal to allow an inspection of the books recognized the power of the court, and the right to exercise its discretion to either grant or withhold a *mandamus,* and thus the contention of the appellant is disposed of.

In the case of *Hatch* v. *The Lake Shore and Michigan Southern*

*Railroad* (*supra*), this court said: "The object of this statute" (1 R. S., 601, § 1)" is quite apparent. It intends to put it in the power of every stockholder, for thirty days previous to any election of directors, to ascertain the names of all stockholders of the company so that he can exert such influence or use such lawful means as he may deem proper to effect the election of such directors, but the statute does not, we think, cut off all rights of the stockholders of a corporation to examine its transfer-books for proper purposes, and on proper occasions at other times. There are no words in the statute indicating such an intention, nor any negation of the rights of stockholders, which requires that construction. We think, therefore, that it is within the power of the court, whenever a case is presented that requires it to be done for the purpose of preserving the rights and interests of stockholders, to interfere by *mandamus* and compel the exhibition of the transfer-books of the corporation or the books containing the names of its stockholders."

The Court of Appeals expressly approved of this language in affirming the decision of this court in *The Matter of the Application of Sage* v. *The Lake Shore, etc., Railroad* (70 N. Y., 222).

It being, therefore, a matter of discretion which, upon the facts, was properly exercised, the order appealed from should be affirmed, with costs and disbursements.

Patterson, J., concurred.

Van Brunt, P. J. (dissenting):

I dissent from the foregoing conclusions. In the first place, the applicant is not a stockholder of the corporation! Upon the books of the company no stock stands in her name, nor has she made any application for a transfer which has been refused.

Her husband was the owner of stock which she alleges she has transferred to herself, but she nowhere alleges that such stock was ever transferred on the books of the company. It seems to me that, as the only way a company can determine who are stockholders is by their books, that unless a party appears upon their books to be a stockholder, they are not compelled to recognize such person as such.

In respect to case of *Sage* v. *Lake Shore Railroad* (70 N. Y., 220), it seems sufficient to say that no question of the kind now pre-

sented was before the court, and what was said upon the subject was entirely *obiter*.

If such general right existed, what was the necessity of the legislation contained in 1 Revised Statutes (601, § 1); as it did not exist it was necessary to confer it by legislation.

Order affirmed, with costs and disbursements.