ARBURN *v.* HUNT ET AL.

[No. 25,928. Filed June 28, 1934.]

*J. M. Vandeveer, John T. Ballard,* and *Embree & Baltzell,* for appellant.

*Sanford Trippet, Harvey Harmore,* and *John B. Bilderback,* for appellees.

FANSLER, J.—Appellant held a contract as a teacher and superintendent of schools of the Town of Oakland City, under what is known as the Teachers' Tenure Law, Acts 1927, p. 259. He brought this action seeking to enjoin appellees, the board of school trustees, from conducting a hearing and cancelling his contract under §2 of the Act.

His complaint shows that he had been given notice of the hearing, with a written statement of the reasons

that would be considered in determining whether his contract should be. cancelled, and among the reasons given were "incompetency" and "insubordination," two of the statutory reasons. This complaint is taken up principally with allegations that two of the members of the school board, for reasons solely personal, conspired among themselves, and with others, to procure his discharge, and that their appointment on the school board was sought and obtained for the purpose of carrying out such a conspiracy, and that they desired to remove him not because of legal grounds, but purely for personal reasons. He asked a temporary injunction. The matter was heard upon his verified complaint and counter affidavits of the two members of the school board referred to, in which they denied a conspiracy and any improper or personal motives. A temporary injunction was denied, and from that action of the court appellant appeals.

It is contended that appellant's indefinite contract when once acquired is more than a license to teach, is a valuable property right; that the manifest purpose of the act was to take teaching out of politics, and to prevent arbitrary dismissal; that §2 properly provides that the contract may be canceled in certain instances; that appellant has alleged in direct terms that the purpose of the school board is purely personal; and that, although this is denied by affidavit, it is of no avail since "this is a question that the appellant has a right to have tried by a court, and not by the parties who are making the denial." He argues that, since under §2 of the statute, in a case such as he presents, he would be tried by his accusers, that portion of the statute is unconstitutional and void.

The constitutionality of the Teachers' Tenure Law is discussed in the case of *Ratcliff* v. *Dick Johnson School*

*Twp.* (1933), 204 Ind. 525, 185 N. E. 143, and the principles there announced are applicable to the question here presented. The constitution requires that the general assembly establish and maintain a system of common schools. The system thus established is a state institution, and, though ministerial powers are delegated, it is under exclusive legislative control, and the legislature is the source of ministerial power. The source of authority for the so-called permanent teacher's contract is the statute. The legislature need not have provided for such contracts, but, since it did so provide, the entire statute, with all of its provisions, must be read into and considered as a part of the contract. Appellant, by entering into the contract, must be deemed to have agreed that it might be cancelled, as provided in §2 of the Act, and in the light of his contract he cannot be heard to say that he is entitled to a hearing before any other body or persons than that expressly provided for in the statute. The legislature might have provided for a cancellation of the contract without notice or hearing. The fact that it saw fit to put restrictions upon its otherwise plenary powers to cancel the contract, does not invest appellant or the courts with authority to impose further restrictions or limitations.

Appellant was notified that the cancellation of his contract would be considered, and upon request was furnished a copy of the reasons for such consideration, within the time and in the manner provided by statute. Before the date set for hearing he procured a temporary restraining order, which had the effect of preventing the hearing at the time fixed. Upon dissolution of the restraining order he was notified that five days thereafter the hearing would be held. He contends that this was not the thirty days provided by statute. But appellant was given the

statutory notice, and was prevented from having a hearing on the date fixed only because of his own action in procuring a restraining order. The temporary restraining order did not deprive the board of jurisdiction to consider the charges against him upon the notice given at any reasonable time after the restraining order was dissolved.

There was a motion to dismiss this action, which, in view of our conclusion, we need not notice.

Judgment affirmed.