SCHOOL CITY OF LAFAYETTE *v.* HIGHLEY.

[No. 26,959. Filed February 15, 1938.]

*Chase Harding, Robert B. Harding,* and *W. J. Sprow,* for appellant.

*Kivett & Kivett, Foley & Foley,* and *Burleigh Davidson,* for appellee.

TREMAIN, J.—The appellee filed this action against the appellant in the Superior Court of Tippecanoe County under the Declaratory Judgment Act (Chapter 81, p. 208, Acts 1927, §§3-1101 to 3-1115, Burns Ind. St. 1933, §§438-452 Baldwin's 1934). He alleged that the appel-

lant was a school corporation; that he was employed by the board of trustees as superintendent of the city schools in January, 1923, and commenced services under the contract February 1, 1923; that he served under a definite written contract until August 1, 1932, and did not serve under an indefinite contract during that time; that on the 14th day of January, 1931, he and the board of school trustees executed a new definite written contract of employment, set out in the complaint, which provided for his employment as superintendent of the city schools for a term of five years beginning August 1, 1931, and ending August 1, 1936, at a salary of $5,500 per year; that on August 1, 1931, he entered upon the performance of his duties under that contract "and that said contract has at all times since remained in full force between said parties and has never been cancelled, modified or set aside in any manner"; that he served under said contract until August 1, 1932, and was recognized by the school board as superintendent of the city schools and performed all of the duties required of him; that on or about July 15, 1932, the said board, in disregard of the appellee's rights, purported to suspend his employment, and filed charges against him to cancel an alleged indefinite contract existing between him and the school board; that said charges were filed pursuant to section 2 of chapter 97 of the Acts of 1927; that pursuant thereto, and upon a hearing and trial, the school board entered an order cancelling appellee's contract.

It is alleged that the board possessed no right or authority to proceed against the appellee under said statute for the reason that he was then, and had at all times since the first day of February, 1923, served as superintendent under a definite written contract, and had served at no time under an indefinite contract; that the action of the board was void and of no effect; that

the appellee stood ready, able, and willing to perform all duties under his contract; that he was entitled to have his rights and status under said contract protected and declared by judgment of this court, and to have a judgment declaring that section 2 of chapter 97 of the Acts of 1927, above referred to, did not apply to the contract under which he was acting.

The appellant filed a demurrer to the complaint upon the ground that it did not state facts sufficient to constitute a cause for action. The memoranda to the demurrer contains specifications intended to show that the facts did not bring the appellee within the purview of the Declaratory Judgment Act. The demurrer was overruled by the court. Appellant filed an answer in four paragraphs.

The first paragraph of answer was a general denial. The second was a verified answer denying the execution of the contract set out in plaintiff's complaint. The third alleged that the appellee was discharged as superintendent of the schools of the city of Lafayette in August, 1932, upon an order duly made and entered, pursuant to section 2 of chapter 97 of the Acts of 1927. The fourth paragraph alleged that after the filing of this action the appellee filed another action in the Tippecanoe Circuit Court against appellant, wherein he alleged his employment and discharge without cause under and pursuant to the same contract pleaded in the complaint herein; that the action in the circuit court was pending, and by reason thereof the plaintiff had elected to pursue a full and complete remedy under the contract, and had abandoned the action attempted to be pleaded herein, and was barred and estopped from pursuing further his litigation herein for equitable and declaratory relief.

Replies in general denial were filed to the third and fourth paragraphs of answer. The cause was sub-

mitted to the court for trial. Special findings of the court were made upon request of appellant.

The court found that appellee was employed as alleged in his complaint; that he served as superintendent of the city schools continuously from the first day of February, 1923, to the first day of August, 1932, under a special definite written contract, and not under an indefinite contract. Finding No. 4 sets out in full the written contract dated January 14, 1931, by which the appellee was employed for a term of five years beginning August 1, 1931; that "it was the purpose and intention of said School City acting by its board of school trustees, as aforesaid, and the said plaintiff, acting in his own proper person, that said contract of employment be for a certain and definite period, and not under the terms of the said Teachers' Tenure Act as aforesaid."

The court found that appellee had disregarded and disobeyed appellant's instructions in reference to the employment of teachers for the school year commencing in 1932; that upon learning of the violation of the board's instructions to the superintendent, charges were preferred against him, charging insubordination and refusal to obey the directions of the school board, failure and refusal to cooperate with the board, and neglect of duties. A copy of the charges and written notice thereof were delivered to the appellee. He replied by letter that he was serving under a definite contract in writing for a period of five years from August 1, 1931, and that the contract did not expire until August 1, 1936. He concluded his letter by saying that "I therefore respectfully deny your jurisdiction or authority to cancel said contract." The appellee was discharged in the manner hereinbefore recited. The findings disclose that the proceedings removing the appellee complied in all things with section 2, chapter 97, Acts 1927. Finding No. 13

establishes the truth of the allegations of the fourth paragraph of answer concerning the pendency of another action upon the contract.

Upon the findings the court concluded that the law was with the appellee; that he was serving under a definite written contract and not under an indefinite contract as provided by the Teachers' Tenure Act; that the appellee had a "legal right to keep said contract in full force and collect by action in Court the stipulated salary," or to treat the contract void and file an action for damages for the breach of the contract. Motion for a new trial upon the ground that the decision of the court was not sustained by sufficient evidence and was contrary to law was filed and overruled.

From the foregoing it will be seen that the relation of a teacher, which includes the superintendent of schools, to the school board is presented in a different form from any of the other cases which have been before this court. Heretofore the question usually arose wherein the teacher claimed his rights under the Teacher's Tenure Act of 1927, and did not seek to evade its provisions. Here the appellee says by his complaint, and the court found specifically, that appellee performed duties as superintendent of the appellant schools for a period of eight years continuously under definite written contracts, which had the effect to prevent his becoming a permanent teacher under the law. Although that statute has been discussed in a number of cases, it is deemed proper again to direct attention to section 1 of the Act, which provides that any person who has or shall "serve under contract as a teacher" in any school corporation for five or more successive years, and who shall thereafter "enter into a teacher's contract for further service" *shall become a permanent teacher,* of the school corporation. It is further provided that "upon the expiration of *any* contract" between the teacher and

the school corporation, such contract shall continue in effect for an indefinite period and be known as an indefinite contract, and shall remain in force "unless succeeded by a new contract signed by both parties."

The allegations of the complaint, as well as the findings of fact, disclose the date and terms of the last written contract entered into by the parties under which he began service August 1, 1931. Neither the complaint nor the finding discloses the terms of the preceding written contract. However, an examination of the evidence shows it to be a contract for a period of three years beginning August 1, 1928, and ending August 1, 1931, and is of a tenor similar to the contract pleaded in the complaint. At the termination of the 1928 contract, the appellee had served for more than six years. The statute provides, as pointed out above, that upon the expiration of "any contract" between the school corporation and a permanent teacher, such contract shall remain in force until succeeded by a new one, which in this case became effective in August, 1931.

This court has heretofore discussed that particular phase of the statute. *State ex rel Black* v. *Board of School Commissioners* (1933), 205 Ind. 582, 187 N. E. 392, is an action wherein the teacher sought to mandate the school board to reinstate her as a permanent teacher. She had taught for five or more successive years and had entered into a contract to teach in the same corporation for another year. Under the facts in that case the court held that she had become a permanent teacher, and that her contract had become an indefinite one and remained in full force and effect until succeeded by a new one or was cancelled as provided by section 2 of the Act. The board sought to defend upon the ground that she had entered into a new contract, and by reason of having signed the new one, she

forfeited her rights as a permanent teacher with an indefinite contract. The court said (p. 587):

"We do not think that it was the intention of the legislature, by the above provision, to lose to both the state (school corporation) and to the teacher the rights and advantages obtained by them under this statute, by reason of the fact that the proper school officers and the teacher entered into a new contract for the further service of said teacher, *unless the new contract clearly indicated that such was their intention.*"

The phrase in italics is omitted in the official report at page 587. The official opinion on file in the office of the clerk of the Supreme Court shows a comma should follow the word "teacher," then the sentence should be completed by "unless the new contract clearly indicated that such was their intention." Inasmuch as the official report is in error, it is hereby modified and corrected.

An examination of the contract between the appellant and appellee under date of January 14, 1931, effective August 1, 1931, does not in any particular indicate that it was the intention of the parties to cancel the tenure contract between the parties as established by operation of law. This court must conclude from all the facts that the appellee was a permanent teacher with an indefinite contract. *School City of Peru* v. *State ex rel. Youngblood* (1937), 212 Ind. 255, 7 N. E. (2d) 176; *State ex rel. Black* v. *Board of Commissioners, supra.*

The court cannot overlook the purpose of the Teachers' Tenure Act which is to protect the educational interest of the state by the establishment of a uniform system of permanent contracts. It is not its purpose to foster the interests of or to create special privileges to any teacher or class of teachers. The policy of the law is to establish a uniform tenure system for all

the schools of the state, and must be construed liberally with that aim and end in view. *State ex rel. Clark* v. *Stout, Trustee* (1934), 206 Ind. 58, 187 N. E. 267; *Arburn* v. *Hunt* (1934), 207 Ind. 61, 191 N. E. 148.

A tenure teacher, serving under an indefinite contract, can become such teacher by one method only, and that is by teaching five years under contract, and by thereafter entering into another contract for further service with the same school corporation. When this has been done, it is of no consequence that the teacher may thereafter enter into further written contracts. *McQuaid* v. *State ex rel. Sigler* (1937), 211 Ind. 595, 6 N. E. (2d) 547.

It seems clear, when the purpose of the Teachers' Tenure Act is considered, that the appellee is a tenure teacher or superintendent. No other logical conclusion can be reached. If a teacher is to be permitted to make his choice as to whether he shall claim a right to hold his position either by virtue of a special written contract or by virtue of being a permanent teacher under an indefinite contract, the entire school system of the state will become unsettled, and school boards will not know when they may be called upon to defend actions brought under numerous contracts which may be written. The law provides for contracts between the teacher and school board. after the indefinite contract is established. The contract should prescribe the beginning and length of the school term and the salary to be paid. Section 1, chapter 97, Acts 1927; *Board of School Commissioners* v. *State ex rel. Wolfolk* (1936), 209 Ind. 498, 199 N. E. 569.

Having concluded that appellee was a permanent teacher serving under an indefinite contract, it follows that the board of school trustees acted entirely within the law in discharging the appellee in the manner alleged in the appellant's answer and as

found by the court. It was appellee's duty to appear to that cause and make his defense if he had any. If he believed that the board possessed no jurisdiction of the matter of the charges against him, he had the opportunity to appear specially and question that jurisdiction. Not having appeared in any manner, and not having asserted any defense, he must be concluded by that procedure. It is clear that he has not brought himself within the purview of the Declaratory Judgment Act. *Brindley* v. *Meara* (1935), 209 Ind. 144, 198 N. E. 301.

It is therefore ordered that the lower court restate its conclusions of law in accordance with the terms of this opinion, and render judgment in favor of the defendant, appellant herein.

Judgment is reversed.

Roll J., absent.