## MILLER v. BARTON SCHOOL TOWNSHIP OF GIBSON COUNTY.

[No. 27,198. Filed May 16, 1939.]

*M. P. Lockwood,* and *Warren W. Barnett,* for appellant.

*Sanford K. Trippett,* for appellee.

TREMAIN, C. J.—The appellant filed this action against the appellee, alleging that he was a duly licensed teacher of the public schools of this state and was employed by the appellee township as a teacher continuously and successively for seven years, beginning in September, 1920, and ending in April, 1927; that thereafter he did not teach for the school township until September, 1931, when he was re-employed as a teacher in that township, which re-employment was followed by a second contract ending in April, 1933. He alleges in his complaint that by reason of said services he was "the possessor of an indefinite contract with the defendant to teach in the schools of the said school township, a copy of which indefinite contract is attached hereto and made a part hereof."

The contract referred to and made a part of the complaint is the contract to teach in the schools of that township for the school year of 1932-33. He alleges that the township trustee refused to employ him at the termination of the year 1932-33, but breached his indefinite contract; that by reason thereof the appellant has been damaged in the sum of $25,000 and demands judgment for the amount.

The appellee filed a demurrer to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and assigns specifically that the complaint does not allege that appellant entered into a contract for further services beginning in September, 1927, and ending in April, 1928; that the "further service" as a teacher did not follow consecutively the "five or more successive years;" that the facts averred in the complaint do not make the appellant a permanent teacher within the statute and do not constitute an indefinite contract as defined by statute upon which appellant could maintain an action for damages. The court sustained the demurrer to the complaint; appellant refused to plead further and appealed from the court's ruling upon the demurrer.

Both parties cite and rely upon the first sentence of section 1, chapter 97, Acts 1927, page 259, to fortify their claims. It reads as follows:

"That any person who has served or who shall serve under contract as a teacher in any school corporation in the State of Indiana for five or more successive years, and who shall hereafter enter into a teacher's contract for further service with such corporation, shall thereupon become a permanent teacher of such school corporation. . . ."

Counsel discuss the meaning and use of the word "hereafter." The appellant asserts that the contract for further services may be executed at any time "hereafter" or within a reasonable time. The appellee asserts

that the contract for further services must follow consecutively the "five or more successive years."

This appeal presents the sole question as to whether or not the appellant is a permanent teacher by reason of the fact that he has been employed for seven successive years beginning in 1920 and ending in 1927, before the effective date of the 1927 Teacher's Tenure Law, and did not teach for the same corporation until the lapse of a period of four years, when he again was employed for a period of two years. If the contention of the appellant is to be adopted, the facts would be sufficient to give him the classification of a "permanent teacher"; otherwise, if the appellee is to be followed.

In the construction of the provisions of the statute under consideration it is clear that one essential in qualifying a teacher as a "permanent teacher" is that he shall teach "for five or more successive years." There can be no skip year during that period—the years must be successive. The trouble arises in the construction of the phrase immediately following, "and who shall hereafter enter into a teacher's contract for further service." Since the first qualifying provision requires successive years of teaching, it is earnestly insisted the legislative authority intended that the last contract of employment for further services shall follow consecutively or immediately after the "five or more successive years." This appeal requires the court to construe the foregoing provision.

In the construction of statutes of this character where the meaning is in doubt, so that either of two constructions may, with propriety, be adopted by the court, it is the duty of the court to adopt that construction best calculated to protect the public right as against the individual right, even though in individual circumstances such construction may work slight hardship. This rule of construction is stated in

*Board of Commissioners of Vigo County* v. *Davis et al.* (1894), 136 Ind. 503, 36 N. E. 141, at page 511, as follows:

"Rules of construction applicable to legislation, in which the public at large are interested, require liberality, while, with reference to legislation granting powers or privileges to individuals, for their own advantage, require strict construction as against such individuals."

This case is cited as authority in *State ex rel. Clark* v. *Stout, Trustee* (1934), 206 Ind. 58, 64, 187 N. E. 267. It is there pointed out that the "Teacher Tenure Act is based upon the public policy of protecting the educational interests of the state and not upon a policy of granting special privileges to teachers as a class or as individuals." To the same effect see *School City of Lafayette* v. *Highley* (1938), 213 Ind. 369, 376, 12 N. E. (2d) 927.

Applying the foregoing rule of construction to the statute in question, it necessarily follows that a construction must be given to the statute which is most favorable to the general public. It does not seem reasonable to permit a teacher to wait for a period of four years, or any other number of years, to enter into a further contract with the school corporation after having completed the first "five or more successive years." Such construction would be favorable to the teacher and unfavorable to the public. A teacher might conclude to engage in another pursuit, and after having followed it for four, or even ten years, conclude to teach again, and secure from a friendly school trustee a contract for a year of further service, and thereby become a permanent teacher with an indefinite contract. The evident intent of the statute is to advance the efficiency of the school system. To do this efficient teachers are required. A teacher holding a life license, having at one time taught for five or more successive years in a

school corporation, and being employed again after a lapse of years, cannot be granted the privileges of the statute. Such construction cannot be its purpose. The statute in question is one where the foregoing rule is applicable. By applying the rule it is readily observable that the trial court did not commit an error in sustaining the appellee's demurrer to the appellant's complaint.

Judgment is affirmed.