Floyd BROWN, Appellant (Plaintiff Below),

v.

BOARD OF SCHOOL TRUSTEES OF the NETTLE CREEK COMMUNITY SCHOOL CORPORATION, and Gene Himelick, Robert Howell, Wilbur May, Don Foulke, Gerald Adams, Porter Davis, Myron Moyer, Individually and as members of the Board of School Trustees of the Nettle Creek School Corporation, Appellees (Defendants Below).

BOARD OF SCHOOL TRUSTEES OF the NETTLE CREEK COMMUNITY SCHOOL CORPORATION et al., Cross-Appellants (Defendants Below),

v.

Floyd BROWN, Cross-Appellee (Plaintiff Below).

No. 1–978–A–263.

Court of Appeals of Indiana, First District.

Jan. 17, 1980.

Rehearing Denied Feb. 13, 1980.

Richard J. Darko, Bingham, Summers, Welsh & Spilman, Indianapolis, Robert Reinke, Dennis, Reinke & Vertesch, Richmond, for appellant.

Howard J. DeTrude, Jr., Peter G. Tamulonis and Mark W. Gray, Kightlinger, Young, Gray & DeTrude, Indianapolis, for appellees.

ROBERTSON, Presiding Judge.

Floyd Brown (Brown), plaintiff below, appeals the refusal of the trial court to reinstate him as a teacher in the Nettles Creek Community School Corporation (School Corporation) system. The School Corporation, defendant below, cross-appeals the awarding of two years salary to Brown as damages for his alleged wrongful discharge.

We affirm the reinstatement decision and reverse the damages award.

The facts are that Brown was hired as an industrial arts teacher for the academic year 1971–72 by the School Corporation. The contract was for one year. He was rehired in 1972–73 and, again, in 1973–74. In April of 1974 he was given a written evaluation by his principal which stated that he would not be recommended for renewal of his contract the next year. Later in April, 1974, he was given written notice that he was not rehired for the next year. Brown filed suit praying for damages and reinstatement, claiming that the School Corporation did not follow its own rule concerning performance, probation and dismissal. The court granted Brown's motion for summary judgment and awarded damages in the amount of two years salary;

however, the court did not grant reinstatement.

We first set out the statutory parameters of this case. *Ind.Code* 20–6–13–1, part of the Teacher Tenure Act, provides for automatic renewal of non-tenure teachers if written notice is not given by May 1 to the teacher that his contract will not be renewed for the succeeding year.[1] No hearing is required for this non-renewal action, although the teacher may request a written statement of why he or she was not renewed.

The General Powers Act of 1965, in particular IC 20–5–2–2(17), provides that the School Corporation shall have the power,

To prepare, make, enforce, amend and/or repeal rules, regulations and procedures for the government and management of the schools, property, facilities and activities of the school corporation, its agents, employees and pupils and for the operation of its governing body, which rules, regulations and procedures may be designated by any appropriate title such as "policy handbook," "by-laws," "rules and regulations."

The School Corporation's policy handbook in 1974 contained the following regulation:[2]

6.1.7 *Dismissal*—The teacher has a right to be warned in case his work is not satisfactory or up to expectations. The teacher will have a reasonable probationary period to correct the situation. The warning should deal with specific items and state the consequences if improvement does not follow. This warning should be in writing for the record so that there can be no misquotation or later misunderstanding.

The Superintendent and the Principals have an obligation to try to help teachers to perform their duties satisfactorily. During the probationary period, in case a teacher is having difficulty, close supervision should be given with frequent visits and conferences. Detailed memos concerning incidents which have occurred, complaints of parents and pupils, observation of teaching practices, and constructive suggestions offered by superiors should be kept by the Principal. This should be done with the goal in mind of helping the teacher, and to bring about improvements.

Finally, in cases where it is the decision of the administration to recommend to the Board that the teacher's contract be terminated, it shall be the teacher's perogative [sic] to appear before the Board to state his or her side of the issue.

The following are some items considered to be justifiable reasons for not re-employing a teacher:

1. Seriously disturbs or injures the mental or physical health of students.
2. Unable or unwilling to cooperate with the administration of the school, with other teachers, or with parents (Insubordination).
3. Unable to manage the classroom, unskilled in human relations, and unable to do effective teaching (Professional Incompetence).
4. Unwillingness to respect the wishes of the community.
5. Immorality.
6. Mentally or physically ill.
7. Having passed his or her sixty-sixth birthday.

It is undisputed that Brown was not warned in writing that his work was not satisfactory, that Brown was not put on probation, that the superintendent and the principals did not provide close supervision in order to help Brown. Brown did appear, however, before the Board after the decision not to renew in order to state his case. The trial court concluded from this failure to follow the rule by the School Corporation that Brown was entitled to two years' salary as damages.

---

1. A teacher gains tenure upon his or her contract renewal after five successive years of teaching. IC 20–6–12–1; repealed by Acts 1976, P.L. 100, § 4. For present law *see* IC 20–6.1–4–9. IC 20–6–13–1 has been repealed also by the same Act. For present law *see* IC 20–6.1–4–11.

2. The School Board repealed the regulation in 1978.

We note that the Tenure Act is based upon the public policy of protecting the educational interests of the State and it is therefore the duty of the court to adopt that construction of the Act best calculated to protect the public right as against the individual right. *Miller v. Barton School Tp.,* (1939) 215 Ind. 510, 20 N.E.2d 967. The Act is the legislative method of balancing the job security of teachers with the need of the school system to evaluate the competency and behavior of new teachers. *Gary Teachers Union, Local No. 4, etc. v. School City of Gary,* (1975) 165 Ind.App. 314, 319, 332 N.E.2d 256, 259. In *School City of Lafayette v. Highley,* (1938) 213 Ind. 369, 376, 377, 12 N.E.2d 927, 930, the Indiana Supreme Court declared the purpose of the Tenure Act to be:

> . . . to protect the educational interest of the state by the establishment of a uniform system of permanent contracts. It is not its purpose to foster the interests of, or to create special privileges to, any teacher or class of teachers. The policy of the law is to establish a uniform tenure system for all the schools of the state, and must be construed liberally with that aim and end in view.

We also note that while the General Powers Act of 1965 allows the general power of a school corporation to employ, contract for and discharge teachers, along with promulgating regulations, this power is specifically qualified.

> The compensation, terms of employment and discharge of teachers shall, however, be subject to and governed by the laws relating to employment, contracting, compensation and discharge of teachers . . . .

IC 20–5–2–2(7).

In *Gary Teachers,* the court of appeals held that a contract provision that gave "Gary tenure" after three years of teaching to be contrary to the Tenure Act. The Tenure Act prohibits according tenure status to teachers before the statutory requirements are met. And thus, the court in *Gary Teachers* declared the contract provision void.

We think it equally prohibitive to take away from the School Corporation, even by its own rule or regulation, the "simple device of nonrenewal at the end of the term as a means of replacing a teacher." *Gary Teachers,* 165 Ind.App. 318, 332 N.E.2d 259. To the extent that the rule purports to take away this device by setting up a condition precedent, we determine it is contrary to the statutory scheme and thus void. *See Revelle v. Mehlville School Dist. R–9,* 562 S.W.2d 175 (Mo.App.1978).

Reversed in part, affirmed in part.

NEAL and RATLIFF, JJ., concur.