INDIANAPOLIS STREET RAILWAY COMPANY *v.* STATE, EX REL. COHEN ET AL.

[No. 25,871.   Filed June 10, 1932.]

*Clyde H. Jones, M. E. Foley, D. E. Watson* and *F. Winter,* for appellant.

*Kane, Blain & Hollowell,* for appellee.

TREANOR, J.—The relator, Cohen, filed his complaint in mandate, alleging that he was a stockholder in the Indianapolis Street Railway Company, to require the appellant company and its secretary, Joseph A. McGowan, to permit the relator to make an inspection of the stock books and stock records of the appellant company and to make extracts from such books and records and to make a list of stockholders. The defendants answered by a general denial, and upon the issue thus raised trial was had by the court, resulting in a finding for the plaintiff and judgment "that the plaintiff, in person, be permitted to take a list of the stockholders from the stock records of the defendant at such time and place as will not materially interfere with the general operation of the business of the defendants." The defendant, Indianapolis Street Railway Company, filed its separate motion for a new trial assigning as causes therefor that the decision of the court is not sustained by sufficient evidence and that it is contrary to law. The motion was overruled and this appeal taken, the action of the court in overruling appellant's motion for a new trial being the sole error assigned. The uncontradicted evidence established the following: Appellee Cohen, a bond broker, bought in 1926, and owned at the time of the trial, 20 shares of the preferred stock in appellant company; there was an accumulation of unpaid dividends on the stock; appellee "wanted to know who the other stockholders were . . . so he could go around and talk to them and see what could be done about the situation." In July, 1928, appellee wrote a letter to the secretary of the company asking to make an examination of the books for the purpose of getting a list of stockholders, and, at the request of the secretary, went to his office, but the

secretary refused to permit him to take off a list. Thereafter, in September, 1928, pursuant to a written demand to be permitted to examine and take extracts from the stock books of the company, appellant company, through its counsel, Mr. Latta, allowed appellee's agent only to examine and make extracts of that sheet of the stock book covering the relator's stock and refused to permit him to inspect any other sheets unless the relator could show "an interest in any stock other than that which stood in his name." The appellee's stock certificate provided that "holders of the shares of preferred and common capital stock of the company shall have equal voting powers share for share except as the voting power of the shares of common capital stock is limited in the articles of association of the company." This action was then brought.

In support of its contention that the court erred in overruling the motion for new trial, appellant urges, under Points and Authorities, that "a mandate will only issue to enforce the performance of an act specifically enjoined by law. It does not issue to enforce a contract obligation."

The foregoing is unquestionably a correct and accurate statement of the law and is supported by our statute authorizing actions of mandate and numerous court decisions based thereon. The pertinent section of the statute is as follows: "The action for mandate may be prosecuted against any inferior tribunal, corporation, public or corporate officer or person to compel the performance of any act which the law specifically enjoins, or any duty resulting from any office, trust or station." §1245 Burns 1926, Acts 1881 (Spec. Sess.) p. 379, as amended, Acts 1911 p. 541. It is clear that the jurisdiction of the Marion County Superior Court in actions of mandate is limited to enforcing performance of acts *specifically* enjoined by law

or of duties resulting from some "office trust or station"; and if, as appellant assumes, this action was to enforce a contract obligation of the defendant to pay dividends, the finding and judgment of the trial court were clearly erroneous. But we see no merit in the contention that this was an action to enforce a contract obligation; on the other hand it seems obvious that the relator was seeking to compel the performance of a duty enjoined upon defendant by a statute which required the defendant corporation to keep a book "containing the names of stockholders thereof," the statute also containing the following provisions: ". . . which book shall, at all business hours of the company, be subject to the inspection of creditors, stockholders, or their representatives, who shall be permitted to take extracts from the same." §4940 Burns 1926, 1 R. S. 1852 p. 239.

"Any company failing to keep the book to make the entries required, or to exhibit the same as directed in the preceding section, shall forfeit to the injured party a penalty of fifty dollars for every such instance of refusal or failure, and all damages resulting therefrom, and, in addition, shall pay to the State of Indiana the sum of fifty dollars for every day of such failure, to be sued for and recovered in the name of the state by the prosecuting attorney of the district or county in which such corporation is situate; and, when recovered, shall be paid into the treasury of the proper county for the use of common schools." §4941 Burns 1926, 1 R. S. 1852 p. 239.

The prayer of relator was "that said defendants be required and compelled to permit the relator to make an inspection of said stock book and stock records and to make extracts from said books and records and a list of said stockholders, and all other proper relief," and the judgment of the court was that "the plaintiff, in person, be permitted to take a list of the stockholders from the stock records of the defendant at such time and place as

will not materially interfere with the general operation of the business of the defendants, and that the defendants pay the costs," etc.

It is true that relator's complaint alleged that the defendant corporation had failed to pay dividends on. preferred stock owned by relator, but there is no suggestion in the complaint or in the relief granted that the action for mandate was to enforce in any way any duty of the corporation connected with a declaration of, or payment of, dividends. Indeed the relator rests his right to obtain a list of stockholders simply upon his status as a stockholder. We think that he was entitled, as a matter of right, as a stockholder, to inspect the records and to copy a list of stockholders from the record. The statute makes it mandatory on the corporation to keep such a record, and expressly requires that such record "shall, at all business hours of the company, be subject to the inspection of creditors, stockholders, or their representatives, who shall be permitted to take extracts from the same." The statute imposed upon the defendant a general legal duty to permit any stockholder to inspect the stock record and to copy a list of his fellow stockholders, and the relator established his clear legal right to the performance of this duty by his complaint and the undisputed evidence. Whether the motive of the relator might have had legal significance is not material, since there is no evidence that he was actuated by an improper motive. In fact, appellant's condensed recital of the testimony, which is as follows, discloses a proper purpose: "He has preferred stock and there was five or six years accumulated dividends, and the company hadn't paid any dividends and witness wanted to know who the other stockholders were who were associated with him so he could go around and talk to them and see what could be done about the present situation, and perhaps do something to start getting dividends from the

stock. Witness thought we might change the management. He wanted to get dividends on the stock. Lots of times under poor management they don't earn anything where under good management they would be earning dividends. He wanted to go around and get the stockholders together. Not necessarily to make trouble." (Appellant's brief, p. 12.)

In *People* v. *Eadie* (1892), 63 Hun. (N. Y.) 320, 18 N. Y. Supp. 53; Id., 133 N. Y. 573, 30 N. E. 1147, the New York Court of Appeals sustained a mandamus granted to enable the applicant to ascertain who were stockholders in order to canvass their votes for an election.

The case of *William Coale Development Co.* v. *Kennedy* (1930), 121 Ohio St. 582, 170 N. E. 434, involved the right of stockholders to inspect and take copies of books, records, etc. It was contended in that case "that no such inspection in any event could rightfully be demanded by any stockholder, unless such demand were accompanied by a full showing that such inspection was not desired for 'unreasonable or improper purposes.'" The statute involved provided that books, lists of shareholders, etc., should be open to the inspection "of every shareholder at all reasonable times save and except for unreasonable or improper purposes." We quote with approval the following statement in the opinion of the court: "When the stockholder is asking the right to inspect the corporate books, records, papers, and documents, or the corporate property, such request is attended by a presumption of good faith and honesty of purpose until the contrary is made to appear by evidence produced by the officers or agents who are seeking to defeat such inspection. The burden of proof on this question should not be borne by the stockholder but should be borne by agents or officers objecting to the inspection."

In view of §4940 Burns, *supra,* we hold that relator was not required to allege or prove a proper purpose; and that he was entitled to the relief prayed for ■■ upon his showing that he was a stockholder of the defendant company and that he had requested permission to examine the stock records and to make a list of stockholders, and that such request had been refused.[1]

If the refusal was legally justifiable it was for the defendant to show the justification. "The shareholder is not required to show any reason or occasion rendering an examination opportune and proper, or a definite or legitimate purpose. The custodian of the books and papers cannot question or inquire into his motives and purposes. If he has reason to believe that they are improper or illegitimate, and refuses the inspection on this ground, he assumes the burden to prove them such. If it be said this construction of the statute places it in the power of a single shareholder to greatly injure and impede the business, the answer is, the legislature re-

---

[1] In the instant appeal we are concerned only with the right of a stockholder to inspect the stock record—"a book . . . containing the names of the stockholders thereof." The statute applicable to this case did not purport to cover all records of a corporation. This was pointed out in *Hegewald Co.* v. *State, ex rel.* (1925), 196 Ind. 600, 149 N. E. 170, 43 A. L. R. 775, in which case this court held that a stockholder's right to examine books other than the stock book was still governed by the common-law rules. The present Indiana statute covers records generally:

"Each corporation shall keep correct and complete books of account and minutes of the proceedings of its shareholders and directors; and shall keep at its principal office an original or a duplicate stock register or transfer book, or, in case such corporation employs a stock registrar or transfer agent in this or any other state, a complete and accurate shareholders' list giving the names and addresses of all shareholders and the number and classes of shares held by each. All such books, records and lists of a corporation shall be open to inspection and examination during the usual business hours for all proper purposes by every shareholder of the corporation, or his duly authorized agent or attorney." §4832 Burns Supp. 1929, Acts 1929, p. 725.

garded his interests in the successful promotion of the objects of the corporation a sufficient protection against unnecessary or injurious interference. The statute is founded on the principle that the shareholders have a right to be fully informed as to the condition of the corporation, the manner in which its affairs are conducted, and how the capital to which they have contributed is employed and managed." *Foster* v. *White* (1888), 86 Ala. 467, 6 So. 88.

Appellant urges that the relator was not entitled to relief in an action for mandate, for the reason that §4941 Burns, *supra*, authorizes the recovery of a penalty by a stockholder for a refusal to permit the examination of a stock book and that, consequently, this latter remedy "is a specific remedy provided by the statute itself and is exclusive of the remedy of mandate." If the statute had created a special procedure for the purpose of enabling a stockholder to obtain a list of stockholders this procedure would supersede the general action of mandate for such purpose. This was the situation in the case of *The Louisville, etc., R. Co.* v. *State, ex rel.* (1865), 25 Ind. 177, 87 Am. Dec. 358. In that case an action of mandate was brought to compel the officers of a corporation to furnish a statement for purposes of taxation and relief was refused on the ground that a statute provided that on failure of the officers to furnish the statement the auditor of the county should proceed to make it. The purpose of the statute was to provide a more direct and effective method of obtaining the statement than was possible by the more general mandamus proceeding; but in the instant case it is apparent that the relief by way of penalty or damages is not equivalent to the relief furnished by an action of mandate, and in the absence of an express indication in the act itself we cannot assume that the General Assembly intended to abrogate the long recognized practice

of allowing mandatory relief. The effect of §4940, *supra,* is to create a primary right in stockholders of corporations to inspect the stock record and to obtain a list of stockholders; while under the mandate statute a stockholder has a remedial right which affords restorative redress; and §4941, *supra,* creates for stockholders a remedial right which affords compensatory redress. We believe §4941, *supra,* providing for an entirely different type of redress from that available under an action of mandate, should not be construed to supersede mandatory relief; and we hold that the relator's right to relief under the statute authorizing actions of mandate was not impaired by §4941, *supra,* authorizing the recovery of a penalty and damages.

Appellant points out that relator is a holder of preferred stock and insists that the relator cannot be said to have a clear legal right to inspect the stock record until this court decides whether *stockholder* as used in §4940, *supra,* includes a holder of preferred stock; and the appellant further urges that relator should adjudicate this question in some other action. We think the determination of this question is not a matter for a separate adjudication but is simply a matter of construing the term "stockholder." The term is not restricted and we must assume that it has its usual meaning, and such meaning includes holders of preferred stock as well as of common stock. Section 4940, *supra,* gives the right to inspect the stock book to all stockholders as a general, unrestricted class.

We conclude that the decision of the trial court was sustained by sufficient evidence and was not contrary to law; that the trial court did not err in overruling appellant's motion for a new trial.

Judgment affirmed.