### NEW CASTLE-HENRY TOWNSHIP SCHOOL CORP., ETC., ET AL. *v.* HURST.

[No. 768A121. Filed July 16, 1969. Rehearing denied September 8, 1969. Transfer denied October 29, 1969.]

*William M. Evans, Bose, Buchanan, McKinney & Evans,* of Indianapolis, *George W. Hand, Scotten & Hinshaw,* of New Castle, for appellants.

*Franklyn George, George & Harvey,* of New Castle, for appellee.

HOFFMAN, Judge—This appeal arose from a judgment for plaintiff-appellee in a suit on an alleged contract of employment.

Appellants assign as error the overruling of their motion for new trial and specify that 1) the decision of the court is not sustained by sufficient evidence; and 2) the decision of the court is contrary to law.

Trial was to the court without a jury. The facts necessary to our determination are as follows:

Appellee, Bernard Hurst, had been in the employ of appellant-School Corporation continuously from 1944 until

the matter here in controversy arose in 1966. During the entire period he served as principal of two elementary schools, with the exception of the last year, that being 1965-1966, when he served as director of transportation. The scope of this last job is not fully established in the record, except for a brief comment to the effect that, as director of transportation, appellee was ". . . to be a liaison agent for those people to bring their differences to."

On May 14, 1965, appellee signed a contract with appellant. The assignment specified therein was "elementary principal," however, as noted above, appellee, in fact, served as "director of transportation" under this contract.

On April 26, 1966, appellee appeared before appellant-School Corporation's members, and they informed him that he was being replaced as "director of transportation" by a maintenance man, and, further that they were going to reassign appellee to a classroom for the next school year. Mr. Hurst was a licensed elementary classroom teacher. On May 31, 1966, appellants tendered a contract to appellee-Hurst which specified his assignment as "Elementary Teacher." This contract was for less money than the prior contract which specified his assignment as "Elementary Principal." Appellee refused to sign the contract. In August of 1966, appellee appeared for work as a principal and was refused. Appellee did not work at all during the 1966-1967 school year. Again, in August of 1967, appellee presented himself for work as a principal and, again, he was refused.

In his second amended complaint appellee asked for damages for the school year of 1966-1967, but not for 1967-1968.

The findings and judgment of the trial court are as follows:

"The Court, having heretofore heard the evidence and the argument of counsel in this cause, and being duly advised in the premises does now find for the plaintiff, and that the plaintiff and the defendants, on May 14, 1965, made and entered into a definite and written contract, being the contract sued upon by the plaintiff, a copy of which contract

is made a part of plaintiff's second amended complaint and identified therein as Exhibit A, by which definite, written contract the plaintiff was to perform services for the defendant school corporation for the school year beginning August 15, 1965, and ending June 15, 1966, and which contract called for the plaintiff to receive for his services as Elementary Principal under said contract an annual compensation of $10,219.00, and that the plaintiff at the time of the execution of said written contract was a tenure teacher having an indefinite contract with the defendants and tenure rights as defined by Chapter 97 of the Acts of 1927, and Acts amendatory thereof, and that said indefinite contract will continue in force until March 21, 1968, upon which date the plaintiff will attain the age of 66 years, *and that none of the defendants notified plaintiff in writing, or by registered mail, that such written contract would not be renewed for the 1966-1967 or following school year, and that by reason thereof, the plaintiff's said definite written contract was renewed and continued in force for the following school year by operation of statute.*

"The Court finds that the plaintiff did not deliver or mail to said defendants his resignation as such Elementary Principal for the succeeding school year of 1966-1967, and the Court finds that said written definite contract was not superseded by another contract executed by and between plaintiff and the defendant school corporation, and the Court finds that the plaintiff has not in any manner voluntarily surrendered any of his rights under said written contract. The Court finds that plaintiff was not discharged on account of incompetency, insubordination, neglect of duty, or immorality.

"The Court further finds that the plaintiff was, at all times, ready, willing and able to perform said written contract and to do all things on his part required to be performed, during the succeeding 1966-1967 school year, and that plaintiff attempted to perform services under said definite written contract during the 1966-1967 school year, in manner similar to that performed by him during the 1965-1966 school year, and the Court finds that the defendants prevented the plaintiff from performing any such services under said definite written contract for the 1966-1967 school year, and that the defendants wrongfully demanded and insisted that the plaintiff accept and perform under a contract for performance of services as an elementary teacher at a salary of $9,300.00, which contract

the plaintiff refused to accept and which services at which salary the plaintiff refused to perform.

"The Court finds that by reason of the salary schedule in effect for said school corporation during the 1966-1967 school year, that the plaintiff would have received under his written definite contract, for services which the defendants prevented him from performing, the sum of $11,253.00.

"The Court finds that by reason of the defendants' wrongful failure to permit the plaintiff to perform the definite written contract, which was renewed and continued in force for the 1966-1967 school year, and that by reason of the defendants' wrongful breach of said contract, the plaintiff has been damaged in the sum of $11,253.00.

"The Court further finds that because the plaintiff will attain the age of 66 years on March 21, 1968, the demand in his second amended complaint for a mandatory injunction or decree in specific performance to compel the defendants to re-employ him should, at this time, be denied, as such relief could not be compelled and enforced beyond March 21, 1968.

"It is, therefore, considered, ordered and adjudged that the plaintiff have and recover of the defendants the sum of $11,253.00.

"It is further considered, ordered and adjudged that the plaintiff's prayer for an equitable decree to compel defendants to re-employ him be, and the same hereby is, denied.

"It is further ordered and adjudged that the plaintiff recover of the defendants the costs of this action." (Emphasis supplied.)

Appellee argues, and the trial court held, that appellee was entitled to *written* notice of his reassignment. He points to Acts 1939, ch. 77, § 1, p. 457, which is entitled, "AN ACT to provide for the renewal and continuation of contracts of teachers *other than permanent teachers* in the public schools and providing for the method and time of termination of such contracts", (emphasis supplied), as last amended by Acts 1965, ch. 93, § 1, p. 131, § 28-4321, Burns' 1968 Cum. Supp., which provides, in pertinent part, as follows:

"Every contract of employment hereafter made by and between a teacher and a school corporation *except contracts*

*with permanent teachers* as defined in chapter 97 of the Acts of 1927 [§§ 28-4307—28-4312] and acts amendatory thereof, shall be renewed and continue in force on the same terms and for the same wages, unless increased by the provisions of chapter 101 of the Acts of 1907 and acts amendatory thereof, known as the Teachers' Minimum Wage Law [since repealed], for the school year next succeeding the date of termination fixed therein unless on or before the first day of May, the teacher shall be notified by the school corporation in writing delivered in person or mailed to him or her at last and usual known address by registered mail that such contract will not be renewed for such succeeding year or unless such teacher shall deliver or mail by registered mail to such school corporation his or her written resignation as such teacher or unless such contract is superseded by another contract between the parties. Superintendents, principals, and supervisors shall be deemed to be teachers within the meaning of this act." (Emphasis supplied.)

The emphasized portions of the title and body of the Act, *supra,* establish unequivocally that the purpose and design of the Act is to protect non-permanent teachers. The fact that the title of the Act specifically states, ". . . other than permanent teachers . . ." would preclude inclusion of a reference to permanent teachers in the Act, since such a reference would abridge the constitutional requirement of Art. 4, § 19 of the Constitution of Indiana, that "[e]very act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title." Appellee admits that he was a *permanent teacher* pursuant to the definition of *permanent teacher* contained in Acts 1927, ch. 97, § 1, p. 259, as amended by Acts 1933, ch. 116, § 1, p. 716, § 28-4307, Burns' 1948 Repl.

Appellee cites *Haas* v. *Holder, Trustee,* 218 Ind. 263, 32 N. E. 2d 590 (1941), to support his construction of § 28-4321, *supra.* In that case a tenure teacher was refused employment without cause by the township trustee. The court found that she had continuing right of employment because of the Tenure Act which could be enforced in a court of equity. The court further held that the doctrine of laches would not bar her

cause of action where the trial court had not abused its discretion in refusing laches as a defense. The court notes § 28-4321, *supra,* on page 272 of 218 Ind., *in dictum.* This reference was by way of a review of various statutory protections for teachers. Any inference which may arise from the language of the court to the effect that § 28-4321, *supra,* applies to permanent as well as non-permanent teachers is erroneous. Acts 1939, ch. 77, § 1, p. 457, as last amended by Acts 1965, ch. 93, § 1, p. 131, § 28-4321, Burns' 1968 Cum. Supp., *supra,* applies only to non-permanent teachers. The decision in *Haas* is not in conflict with the decision in the instant case.

Section 28-4307, *supra,* provides as follows:

"Any person who has served or who shall serve under contract as a teacher in any school city corporation or in any school town corporation in the state of Indiana for five [5] or more successive years, and who shall at any time hereafter enter into a teacher's contract for further service with such corporation, shall thereupon become a permanent teacher of such school corporation. The term 'teacher' as used in this section shall mean and include licensed public school teachers, supervisors and principals of all such public school corporations, and licensed assistant superintendents and superintendents of such school corporations. Upon the expiration of any contract between such school corporation and a permanent teacher, such contract shall be deemed to continue in effect for an indefinite period and shall be known as an indefinite contract. Such an indefinite contract shall remain in force until such permanent teacher shall have reached the age of sixty-six [66] years unless succeeded by a new contract signed by both parties or unless it shall be canceled as provided in section two [§ 28-4308] of this act; Provided, That teachers' contracts shall provide for the annual determination of the date of beginning and length of school terms by the school corporation; and, provided further, That teachers' contracts may contain provisions for the fixing of the amount of annual compensation from year to year by a salary schedule adopted by the school corporation and such schedule shall be deemed to be a part of such contract; Provided, further, That such schedule may be changed by such school corporation on or before May first of any year, such changes to become effec-

tive at the beginning of the following school year: Provided, That all teachers affected by such changes shall be furnished with printed copies of such changed schedule within thirty [30] days after its adoption; And, provided further, That teachers' contracts shall be uniform and of the form and wording as prescribed by the state superintendent of public instruction."

This Act, commonly known as the Teachers' Tenure Act, has been the subject of much discussion and interpretation by the courts since its enactment in 1927. Its purpose then, as now, was to provide job security for teachers in our public schools, as well as the protection of the educational establishment within our State. The purpose of the Act was not to give a teacher or school administrator an irrevocable right to a particular office or class. *School City of Lafayette* v. *Highley*, 213 Ind. 369, 376, 12 N. E. 2d 927 (1938).

A written contract between a teacher and the school system does not preempt the teacher's rights under the Tenure Act, it merely supplements those rights with a specific contractual relationship for the period of the written contract. While the indefinite contract created by the Tenure Act is not terminable, except as provided by statute, the written contract is terminable according to its provisions. The effect of terminating the written contract is to leave the teacher with an indefinite contract pursuant to the Tenure Act. Section 28-4321, *supra*, however, has no application to appellee's contract.

In *Lost Creek School Twp., Vigo County* v. *York*, 215 Ind. 636, at pages 647-48, 21 N. E. 2d 58, at page 63, 127 A. L. R. 1287 (1939), our Supreme Court held that,

"[A] school corporation may impose terms upon a permanent teacher different from those which governed his previous service, so long as such terms are calculated to meet the current needs of the school corporation. What changes and terms are necessary and proper to best serve the interest of the school system must rest in the sound discretion of the administrative

officials, though such functions must not be unreasonably or capriciously exercised."

The written contract between the parties in the case at bar provided expressly for a period of employment from August 15, 1965, to June 15, 1966. On April 26, 1966, appellee was orally notified by appellants of their intent to reassign him for the following year. Appellants owed no greater duty to appellee relative to the notification of reassignment. While appellee, after June 15, 1966, no longer had the benefit of the specific written contract of employment prescribing his position as elementary principal, he was still protected by the indefinite contract granted him by the Tenure Act. The appellants did nothing to abridge these rights. A contract of employment pursuant to the reassignment was offered to, and rejected by, appellee. There was no assertion, nor even an implication, that appellants had acted in an arbitrary or capricious manner.

Appellee's refusal to accept the tendered contract and reassignment was not legally justified, and appellants were under no obligation to pay him a salary.

For the foregoing reasons the findings of the trial court were erroneous and the decision is contrary to law. Therefore, the judgment of the trial court must be reversed.

Judgment reversed with directions to grant appellants' motion for a new trial and for further proceedings not inconsistent with this opinion. Costs taxed to appellee.

Pfaff, C.J., Sharp and White, JJ., concur.

NOTE.—Reported in 247 N. E. 2d 835.