STATE of Indiana ex rel. Michael D. CLEARY, Appellant (Plaintiff-Relator Below),

v.

The BOARD OF SCHOOL COMMISSIONERS OF the CITY OF INDIANAPOLIS, Appellee (Defendant-Respondent Below).

No. 2-182A17.

Court of Appeals of Indiana, Second District.

July 28, 1982.

G. Terry Cutter, Foley, Cutter & Abbott, Indianapolis, for appellant.

Jan P. Abbs, Alan H. Lobley, Ice, Miller, Donadio & Ryan, Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Michael D. Cleary (Cleary) appeals from the denial of his petition for mandate, alleging error in the Marion County Superior Court's finding that mandamus was not an appropriate remedy for breach of his school principal's contract.

We affirm.

## FACTS

The record discloses that Cleary, a tenured elementary school teacher, entered into a written contract with The Board of School Commissioners of the City of Indianapolis (the Board) whereby he agreed to act as an elementary school principal for the 1980–81 school year. The contract, a regular teacher's contract as required by Ind. Code 20–6.1–4–17.1, provided that "all laws governing the employment and dismissal of teachers" were to be construed as part of the writing. *Record* at 103.

During the fall of 1980, it was determined that because of declining school enrollment combined with a proposed busing plan transferring students from the city schools to those of the townships, certain elementary schools would be closed. It therefore became necessary to reassign a number of principals, assistant principals, and school teachers. Cleary was notified that his placement was one of the positions in jeopardy due to the reorganization plan, and on May 5, 1982 he received formal notice that his contract as an elementary school principal would not be renewed. Instead, Cleary was invited to act as an upper elementary assistant principal, entitled to the same salary he had earned as a principal during the 1980–81 school year. The Board's notice to Cleary, however, came too late. Ind.Code 20–6.1–4–17.2 provides in pertinent part:

On or before February 1 of the year during which a principal's or assistant principal's contract is due to expire, the governing body of the school corporation

by which the principal or assistant principal is employed, or an employee at the direction of the governing body, shall give the principal or assistant principal written notice of renewal or refusal to renew his contract for the ensuing school year. *If no notice is given on or before February 1 of the year during which the principal's or assistant principal's contract is due to expire, the contract then in force shall be reinstated only for the ensuing school year.*

(emphasis supplied) (hereinafter referred to as Section 17.2).

Cleary filed his petition for mandate, seeking reinstatement as an elementary school principal. The trial court denied relief and entered the following conclusions of law:

A. The Respondent violated the terms of IC 20–6.1–4–17–12 [sic].

B. Relator's contract as an elementary principal was reinstated for the 1981–1982 school year.

C. Respondent has breached its renewed contract with Relator for the 1981–1982 school year by denying him the right to serve as an elementary principal.

D. Relator's renewed contract with the Respondent for the 1981–1982 school year to serve as an elementary principal was a personal service contract.

E. No statute provides an action for mandate for principals or assistant principals as provided in the statute governing permanent and semi-permanent teachers under IC 20–6.1–4–12.

F. The Court cannot mandate Respondent to honor Relator's renewed 1981–1982 school year contract as an elementary principal, since this would constitute a specific performance of a personal service contract.

G. This judgment shall not bar Relator from pursuing his remedies for breach of his renewed 1981–1982 contract to serve as an elementary principal.

*Record* at 65–66.

## ISSUE

██ We need address only one issue [1] advanced by Cleary:

Is mandamus an appropriate remedy for the breach of a reinstated principal's contract under IC 20–6.1–4–17.2?

## DECISION

CONCLUSION—Mandamus will not lie for the Board's breach of Cleary's reinstated contract because there is an adequate remedy at law for damages.

It is not disputed that the Board failed to comply with the notice provisions of Section 17.2. And although the Board advances an argument that Cleary's contract assured him only of a position as school teacher, that argument fails because of the provisions of IC 20–6.1–4–17.1: principal contracts are *required* to be regular teacher's contracts. Thus, we have no difficulty agreeing with the trial court that the provision in Cleary's contract requiring the Board to pay "said teacher for his or her services" as "elementary principal", (*record* at 103), was a contract of employment to act as a principal. So, pursuant to Section 17.2, Cleary's written contract was reinstated, and as appears to have been admitted at trial, (*record* at 83), the Board's failure to provide Cleary with a principal's position constituted a breach of that contract.[2] But

---

1. Cleary also challenges two of the trial court's findings of fact as not being supported by sufficient evidence. The findings were: (1) that the decision to select Cleary's contract for non-renewal was based on seniority and (2) that Cleary was a principal temporarily assigned as an assistant principal. Cleary has failed to present a cogent argument as to how these findings led the trial court to an erroneous conclusion with respect to his remedy. In any

event, we conclude that the findings are not clearly erroneous. Ind. Rules of Procedure, Trial Rule 52.

2. Even had the Board not admitted to the breach at trial, its argument on appeal is without merit. Citing to cases such as *Lost Creek School Township v. York*, (1939) 215 Ind. 636, 21 N.E.2d 58; *School City v. State ex rel. Youngblood*, (1937) 212 Ind. 255, 7 N.E.2d 176;

does an action in mandamus for reinstatement lie?

As the trial court indicated, Cleary's contract was a contract for personal services, and specific performance of such contracts is not favored. Although this equitable maxim is most frequently applied when an employer seeks to force an employee to perform, courts will similarly refuse to enjoin employers from violating their contracts to employ. *See, e.g., Schwier v. Zitike,* (1894) 136 Ind. 210, 36 N.E. 30; *Smith v. General Motors Corporation,* (1957) 128 Ind.App. 310, 143 N.E.2d 441, *trans. denied; Faultless Caster Corporation v. United Electrical, Radio & Machine Workers of America,* (1949) 119 Ind.App. 330, 86 N.E.2d 703; *Hall v. Delphi-Deer Creek Township School Corporation,* (1934) 98 Ind.App. 409, 189 N.E. 527. What Cleary seeks is an exception to this rule in the form of mandamus.

Somewhat confusingly, mandamus has been termed both an "equitable remedy," *Whitney v. Board of School Trustees,* (1981) Ind.App., 416 N.E.2d 1289, and an "extraordinary legal remedy." *Rader v. Burton,* (1954) 234 Ind. 299, 122 N.E.2d 856; *Perry County Council v. State ex rel. Baertich,* (1973) 157 Ind.App. 586, 301 N.E.2d 219, *trans. denied.* Regardless of how denominated, equitable principles will be invoked to bar relief in the form of mandamus. *State ex rel. Burton v. City of Princeton,* (1956) 235 Ind. 467, 134 N.E.2d 692. Our courts have long held that mandamus, like the more common-place injunctive relief in equity, will ordinarily not lie to enforce the performance of contracts because the aggrieved party has an adequate remedy at law. *See Brumfield v. State ex rel. Wallace,* (1934) 206 Ind. 647, 190 N.E. 863; *Bartlett v. State ex rel. Hamilton,* (1917) 186 Ind. 16, 114 N.E. 692; *Board of Trustees v. State ex rel. Eaton,* (1911) 175 Ind. 147, 93 N.E. 851; *State ex rel. City of Marion v. Marion Light & Heating Company,* (1910) 174 Ind. 622, 92 N.E. 731. Mandamus "is viewed with extreme disfavor. Where an adequate remedy at law is available, the extraordinary remedy of mandate should not be imposed to compel the performance of an act." *Whitney, supra,* 416 N.E.2d at 1292. *See also Indiana Revenue Board v. Board of Commissioners,* (1979) Ind., 385 N.E.2d 1131. Also, as a reviewing court we will not set aside a trial court's findings or judgment unless "clearly erroneous." Ind. Rules of Procedure, Trial Rule 52.

By way of analogy, Cleary points to the provisions of IC 20–6.1–4–12 (hereinafter referred to as Section 12). That statute, part of what is commonly referred to as the Tenure Act, provides that permanent or tenured teachers who hold an indefinite contract "may bring an action in the nature of mandate" for reinstatement if they are discharged in violation of specific statutory guidelines set out in IC 20–6.1–4–10 and IC 20–6.1–4–11.[3] As the Board suggests, the protection of Section 12 is unavailable to

---

and *New Castle—Henry Township School Corporation v. Hurst,* (1969) 145 Ind.App. 131, 247 N.E.2d 835, *trans. denied,* the Board argues that it is vested with discretionary power to "shuffle" its employees among various positions according to the needs and interests of the school system. However, those cases dealt with fact situations in which a definite written contract was *not* in force. Absent the protection of such a writing, teachers are protected against discharge by the Tenure Act, but are not protected against reassignment. *Hurst, supra.* Here, Cleary's written contract as principal *was* in force by virtue of Section 17.2, and the Board's failure to assign him to the proper position was a breach. *See Salem Community School Corporation v. Richman,* (1980) Ind. App., 406 N.E.2d 269, 275, n.3, *trans. denied.*

3. A permanent teacher who holds an indefinite contract ... may not be discharged or have his contract cancelled except as provided in Sections 10 ... and 11 ...

   [T]he permanent ... teacher may bring an action in the nature of mandate as provided by law against the proper officers of the school corporation for an order requiring them to reinstate the teacher ....
   IC 20–6.1–4–12.
   IC 20–6.1–4–10 provides an exclusive list of the proper grounds for discharging permanent teachers such as immorality, insubordination, neglect of duty, incompetency, etc. IC 20–6.1–4–11 sets forth the procedures for cancellation of an indefinite contract including written notice and hearing.

Cleary in this context because his contract *as a permanent teacher* has not been cancelled. Having served as a teacher in the school corporation for five years, Cleary has established permanent (i.e. tenured) teacher's status, status which entitles him to an indefinite contract until he reaches seventy-one years of age.[4] Had Cleary been discharged in violation of his statutory rights under his indefinite teacher's contract, Section 12 would have afforded him the remedy he seeks, but he cannot engraft onto that section extended coverage for his role as a principal. Cleary's written contract to act as a principal "supplements" his rights as a permanent teacher "with a specific contractual relationship for the period of the written contract." *New Castle—Henry Township School Corp. v. Hurst*, (1969) 145 Ind.App. 131, 138, 247 N.E.2d 835, 839. Thus, it is not his indefinite teacher's contract which was breached; rather, it was his written contract to act as principal that the Board has violated.

The cases concerning Section 12 and its predecessors [5] are significant to our decision in that they help us define the parameters of an action in mandamus. As a corollary to the rule barring mandamus as a remedy for breach of contract, jurisdiction in actions of mandate is said to be "limited to enforcing performance of acts specifically enjoined by law or of duties resulting from some 'office, trust or station.'" *Indianapolis Street Railway v. State ex rel. Cohen* (1932) 203 Ind. 534, 537, 181 N.E. 365, 367. Courts construing Section 12 have acknowledged this principle and have recognized that actions for reinstatement of a wrongfully cancelled indefinite contract are based on "a duty enjoined by statute and not by

contract." *Konstanzer v. State ex rel. Ramsey*, (1933) 205 Ind. 536, 547, 187 N.E. 337, 342. In *Brumfield, supra*, for example, the Relatrix brought an action to compel the school corporation to recognize her as a tenured teacher. The court had this to say about the use of mandamus in contractual relationships:

> Appellant is correct in saying that mandamus will issue only when there is no other adequate legal remedy. He then insists that this is an action to enforce the performance of a contract clearly subject to the legal and equitable remedies.... [A]s we understand this action, it is to compel Respondent to recognize Relatrix as a tenured teacher, that is to say, Relatrix has an 'indefinite contract' with the school corporation, and the duty of the trustee to recognize it is enjoined by law. Contractual relations to some extent may be involved, but if so they are merely evidentiary in character affecting Relatrix' status relative to the school corporation.

206 Ind. at 655–56, 190 N.E. at 866. *See also Haas v. Holder*, (1941) 218 Ind. 263, 32 N.E.2d 590; *Lost Creek School Township v. York*, (1939) 215 Ind. 636, 21 N.E.2d 58; *School City v. State ex rel. Griffin*, (1932) 203 Ind. 626, 180 N.E. 471, *overruled on other grounds, McQuaid v. State ex rel. Sigler*, (1937) 211 Ind. 595, 6 N.E.2d 547.

Cleary's contract and the Board's obligation to honor it are not enjoined by statute, but arise out of a definite, written agreement which was reinstated by the Board's failure to give notice. Section 17.2 grants Cleary no more rights than timely notice of

---

**4.** (a) Each person who:
(1) Serves under contract as a teacher in a public school corporation for five [5] or more successive years; and
(2) At any time enters into a teacher's contract for further service with that school corporation; becomes by that a permanent teacher of that school corporation. When a contract between the school corporation and a permanent teacher expires by its terms, that contract is considered to continue indefinitely as an indefinite contract.

(b) An indefinite contract remains in force until the permanent teacher reaches seventy-one [71] years of age, unless it is:
(1) Replaced by a new contract signed by both parties; or
(2) Canceled as provided in sections 10 [20–6.1–4–10] and 11 [20–6.1–4–11] of this chapter.
IC 20–6.1–4–9.

**5.** *See* IC (1975) 20–6–12–1—2 (Burns Code Ed.) and IC (1975) 20–6–15–1—3 (Burns Code Ed.).

non-renewal;[6] beyond that, his rights are purely contractual and are properly protected by an action at law.

In conclusion, we must hold that an action in mandamus does not lie when a school corporation unwittingly reinstates a principal's written contract pursuant to Section 17.2 and then fails to honor that contract. Cleary's remedy is an action at law to recompense him in damages for the Board's breach of contract.

Judgment affirmed.

SHIELDS, J., concurs.

SULLIVAN, J., concurs in result.

---

**6.** Cleary advances an argument that Section 17.2 "lacks true meaning and authority" if mandamus is not an available remedy. *Appellant's Brief* at 6. We must remind Cleary that as a reviewing court, our aim is to recognize the plain and ordinary meaning of the statute's words. I.C. 1-1-4-1(1); *Wilson v. Stanton,* (1981) Ind.App., 424 N.E.2d 1042. Nowhere does Section 17.2 evidence an intent to protect definite written contracts with a remedy in mandamus. This court will not substitute language which it feels the legislature might have intended. *Brighton v. Schoffstall,* (1980) Ind. App., 401 N.E.2d 84.