514 N.E.2d 1294 (1987)
Paul CHAMBERS, Plaintiff-Appellant,
v.
CENTRAL SCHOOL DISTRICT SCHOOL BOARD OF GREENE COUNTY, and Herman Bredewey, Mrs. Judy Krueger, and Mrs. Patricia Dhahir, Individually and in Their Capacity As Board Members and Portia Hockman and Steve Graf in Their Capacity As Board Members Only, and Sharon Knoll, Individually and in Her Capacity As Greene County Superintendent of Public Education, Defendants-Appellees.
No. 11A01-8705-CV-108.
Court of Appeals of Indiana, First District.
November 18, 1987.
Nina J. Alexander, Trueblood, Harmon, Carter & Cook, Terre Haute, for plaintiff-appellant.
Robert E. Cambridge, Bloomington, for defendants-appellees.
*1295 NEAL, Judge.

STATEMENT OF THE CASE
Plaintiff-appellant, Paul Chambers (Chambers), appeals a judgment of the Clay Circuit Court, which entered summary judgment in favor of defendant-appellees, Central School District of Greene County et al. (School), on Chambers's suit for breach of his contract as a principal for School.
We affirm.

STATEMENT OF THE FACTS
Chambers began his employment as a high school principal by School pursuant to a written contract, which ran from July 13, 1981 to July 13, 1983. On March 18, 1982, School's board granted Chambers a three-year extension by executing three separate, written contracts. The contracts were for the 1983-84, 1984-85, 1985-86 school years, the ending date of the last contract being July 13, 1986. Each contract contained a $1,000.00/year raise. On August 15, 1984, School's superintendent notified Chambers by letter that School's board was to meet on September 20 to consider the cancellation of his indefinite contract. Chambers was also informed that School intended to utilize the cancellation procedure set forth in IND. CODE 20-6.1-4-11. Counsel for Chambers responded with a letter dated August 20, 1984. In it, Chambers contended he was not employed under an indefinite contract and the procedural machinery of IND. CODE 20-6.1-4-11 was inapplicable because he was an administrator. Chambers did request a hearing, on the assumption that School had the authority to cancel his contract. By a letter dated August 23, 1984, School informed Chambers that, per his request, a pre-hearing had been scheduled for September 14, and a hearing before the board was set for September 18. Chambers did not attend either proceeding. At its regular meeting on September 20 the board voted to terminate Chambers's contract as a principal and also his indefinite teacher's contract. Chambers was notified by a letter dated that same day.
Chambers filed his eight-count complaint on October 4, 1984 alleging, inter alia, that School breached his definite, written contract. Chambers then filed a motion for partial summary judgment, claiming there was no dispute that his relationship with School was governed by a definite, written contract. School responded and admitted the existence of the series of contracts, but claimed a dispute as to the applicability of the statutory provisions for contract cancellation vis-a-vis its relationship with Chambers. Accordingly, the trial court granted partial summary judgment in favor of Chambers. Chambers then filed a second motion for partial summary judgment, stating there was no issue of fact that his definite, written contract with School was for three years and, by acting pursuant to IND. CODE 20-6.1-4-11, School unlawfully terminated his contract. School countered with its own motion for partial summary judgment, alleging it was required to follow the statutory cancellation procedure, Chambers did not exhaust his administrative remedies before seeking redress in the trial court and thus was barred from obtaining relief, and his cause of action represented an impermissible collateral attack. The trial court held a hearing on the motions. It found that the definite, written contract was for a three-year period, but that School could use the statutory cancellation procedure to terminate Chambers's indefinite contract as well as the definite, written contract. The trial court then entered summary judgment on those issues, prompting Chambers to institute this appeal.

ISSUES
Chambers presents the following issues, contending the trial court acted contrary to law in:
I. Finding that the definite, written contract between Chambers and School was supplemental to, and dependent upon, the existence of an indefinite contract between them, such that cancellation of the latter automatically cancelled the former;
II. Finding that School's notice to Chambers of its intent to cancel his *1296 indefinite contract was sufficient notice of its intent to cancel his definite, written contract; and
III. Finding that IND. CODE 20-6.1-4-10.5 and -11, which provide the grounds and procedure for cancellation of an indefinite contract, are equally applicable to the cancellation of a definite contract.

STANDARD OF REVIEW
Our standard of review in an appeal from a summary judgment is well established. We ascertain whether the pleadings, affidavits, answers to interrogatories, responses to requests for admission, and depositions, when read in the light most favorable to the non-moving party, reveal any genuine issues of material facts, and if not, whether the trial court correctly applied the law. Shallenberger v. Scoggins-Tomlinson, Inc. (1982), Ind. App., 439 N.E.2d 699. In performing our function of review we stand in the position of the trial court and consider the same matters as it does. Moll v. South Central Solar Systems, Inc. (1981), Ind. App., 419 N.E.2d 154.

DISCUSSION AND DECISION

ISSUE I: Indefinite/Definite Contracts

Chambers maintains the trial court's ruling that his definite, written contract co-existed with and was dependent upon his indefinite contract was contrary to law, and School's cancellation of the latter could not automatically cancel the former.
IND. CODE 20-6.1-4-9.5 defines indefinite contracts:
(a) Each person who:
(1) serves under contract as a teacher in a public school corporation for two
(2) successive years;
(2) at any time thereafter enters into a teacher's contract for further service with that school corporation; and
(3) is not a permanent teacher, as defined in IC 20-6.1-4-9;
is a semi-permanent teacher of that school corporation. When a contract between the school corporation and a semi-permanent teacher expires by its terms, that contract is considered to continue indefinitely as an indefinite contract for a semi-permanent teacher.
(b) An indefinite contract for a semi-permanent teacher remains in force until:
(1) the contract is replaced by a new contract signed by both parties;
(2) the contract is cancelled as provided in sections 10.5 and 11 of this chapter; or
(3) the teacher becomes a permanent teacher, as defined in IC 20-6.1-4-9.
The trial court, in its memorandum of law accompanying its summary judgment ruling, determined that two bases existed to support School's action. The trial court reasoned that the right to become a principal is derived from the status of teacher, and, once the teacher's contract is cancelled, the foundation for the principal's contract no longer exists. In essence, the cancellation of an indefinite teacher's contract necessarily and automatically terminates the definite contract.
The second basis relied upon by the trial court was, assuming the first basis was erroneous, that School satisfied its contractual duty to Chambers by utilizing the statutory cancellation procedure found in IND. CODE 20-6.1-4-11. This basis will be discussed in Issue III.
Concerning the first basis, we do not accept Chambers's argument that an indefinite contract and a definite contract cannot exist simultaneously.
Pursuant to a statute all teachers, regardless of whether they have achieved any level of tenure, must be employed on a uniform teacher's contract. IND. CODE 20-6.1-4-5. This requirement also applies to principals. IND. CODE 20-6.1-4-17.1(1). The legislative purpose behind this requirement is not to terminate tenure by supplanting indefinite contracts with definite ones, but is to enable schools and their tenured teachers to adjust the provisions of indefinite contracts. Stiver v. State ex rel. Kent (1936), 211 Ind. 370, 1 N.E.2d 592., reh. denied, 211 Ind. 370, 7 N.E.2d 181; see also School City of Lafayette v. Highley (1937), 213 Ind. 369, 377, 12 N.E.2d 927, 930 *1297 (court held that once an indefinite contract is established, tenure is unaffected by the execution of further written contracts).
In the instant case, Chambers achieved semi-permanent status pursuant to IND. CODE 20-6.1-4-9.5(a), a status that was not lost merely because School and he executed written contracts providing for salary increases. Because IND. CODE 20-6.1-4-5 requires that written contracts be executed even after an indefinite contract is established, obviously the two contracts must exist simultaneously. A written contract does not preempt a teacher's rights secured by the statutes, it merely supplements those rights with a specific contractual relationship. State ex rel. Cleary v. Bd. of School Commissioners (1982), Ind. App., 438 N.E.2d 12; New Castle-Henry Township School Corp. v. Hurst (1969), 145 Ind. App. 131, 247 N.E.2d 835, trans. denied.
Both Cleary and Hurst involved a situation where a tenured teacher was employed as a principal pursuant to a written contract. It was held in both cases that the effect of terminating the written contract is to leave the teacher with an indefinite contract. 438 N.E.2d at 15; 145 Ind. App. at 138, 247 N.E.2d at 839-40.
Here, School cancelled Chambers's indefinite contract. His definite contract being necessarily dependent upon the existence of the indefinite contract, there was nothing for the definite contract to supplement. Therefore, the trial court's ruling was not contrary to law.

ISSUE II: Notice of Termination

Chambers argues the trial court acted contrary to law in finding that School's notice to Chambers of its intent to cancel his indefinite contract adequately apprised him of a similar intent to cancel his definite contract.
The trial court, in its memorandum of law, stated that a reasonable man put on notice that the school intended to cancel his indefinite contract could not believe that his definite contract was not in jeopardy merely because a specific reference to it was not made.
Regarding notice, IND. CODE 20-6.1-4-11(a)(1) provides that, before an indefinite contract may be cancelled, the teacher must be notified in writing of the date, time, and place for the consideration of the contract cancellation. The notification must be given between 40 and 30 days before the consideration takes place.
Chambers received notification from School by a letter dated August 15, 1984. The letter informed him that School's board was going to meet to consider cancellation of his indefinite contract, and it provided Chambers with the date, time, and location of the meeting. The letter stated School's intention to follow the procedure in IND. CODE 20-6.1-4-11 and a photocopy of that statute was included. Finally, Chambers was notified that he was suspended with pay pending the board's decision.
Chambers, by counsel, responded by a letter dated August 20, 1984. Although Chambers denied the applicability of IND. CODE 20-6.1-4-11, he did request a hearing pursuant to that statute. In the letter Chambers also promised that litigation would ensue unless School "abandons the attempt to cancel [his] contract and to terminate him... ." Record at 44. Chambers failed to appear at the scheduled hearing, and he was notified by letter that his contract had been cancelled. Chambers then commenced this lawsuit.
The case cited by Chambers in support of his argument, Salem Community School Corp. v. Richman (1980), Ind. App., 406 N.E.2d 269, trans. denied, is inapplicable to his situation. Richman involved a school's compliance with the requirements of IND. CODE 20-6.1-4-19(3) and -20,[1] statutes dealing with the non-renewal of superintendent contracts. Those statutes have different requirements than the termination statute, IND. CODE 20-6.1-4-11. School complied with the applicable statute. Chambers claims he received no knowledge of the charges he faced, but Chambers failed to make a request for them, as required *1298 by IND. CODE 20-6.1-4-11(a)(2). Although Chambers believed School lacked authority to utilize IND. CODE 20-6.1-4-11 against him, he requested a hearing, but then failed to appear. A similar scenario occurred in Highley, supra.
In Highley a superintendent was employed for a number of years under written, definite contracts, and had achieved tenure. The school sought to terminate his employment utilizing the statutory termination procedure. The superintendent declined to participate in the termination hearing. In reversing for the school, the supreme court wrote:
It was appellee's duty to appear to that cause and make his defense if he had any. If he believed that the board possessed no jurisdiction of the matter of the charges against him, he had the opportunity to appear specially and question that jurisdiction. Not having appeared in any manner, and not having asserted any defense, he must be concluded by that procedure.
213 Ind. at 378, 12 N.E.2d at 930.
Chambers declined to attend the termination hearing at his own risk. School having complied with the applicable statute, Chambers was put on notice that his further employment was in jeopardy. Chambers's argument is untenable and the trial court did not err.

ISSUE III: Applicability of IND. CODE 20-6.1-4-10.5 and -11

Chambers claims the trial court erred in ruling that School could utilize IND. CODE 20-6.1-4-10.5 and -11 to terminate his written definite contract because those two statutes provide the grounds and procedure for cancelling indefinite contracts.
The trial court found a second basis, in addition to the one discussed in Issue I, for ruling that School had properly terminated Chambers. The trial court determined that School, by utilizing the cancellation procedure contained in IND. CODE 20-6.1-4-11, satisfied its duty to Chambers under the written definite contract.
The written contract between Chambers and School included the following:
[I]n case the said teacher should, after opportunity for hearing with benefit of legal counsel, be held by said employer to be guilty of incompetency, immorality, insubordination or other offense recognized as just cause according to law for cancellation of contract, such teacher, subject to proper appeal, shall be deemed to be dismissed and shall thereafter hold no claim for further compensation, subject, however to the provisions of law concerning the employment and dismissal of teachers which are in force and effect... .
Record at 36.
It has been held that, while an indefinite contract created by statute is not terminable, except as provided by statute, a written contract is terminable according to its provisions. Hurst, supra. However, in this case that proposition is a distinction without a difference. The written contract between Chambers and School is the standard teacher's contract prescribed by the Indiana Superintendent of Public Instruction. The contract provision quoted above makes specific references to both IND. CODE 20-6.1-4-10.5 and -11. He contracted for those provisions. Chambers makes no argument that he was either misled or misinformed as to the contents of the contracts. As noted by the trial court, the written contract provides for the benefit of legal counsel while the statute does not, but because Chambers has had legal representation from the outset, this discrepancy is of no moment.
Because the protections afforded Chambers by the written contract are identical to those contained in IND. CODE 20-6.1-4-10.5 and -11, School satisfied its duty to Chambers by utilizing those statutes to effect his termination.
Accordingly, for the above reasons the judgment of the trial court is in all things affirmed.
Judgment affirmed.
RATLIFF, C.J., and STATON, J., concur.
NOTES
[1] Formerly codified at IND. CODE 20-6-4-4.