Diane MYERS, Appellant–Plaintiff,

v.

ELKHART COMMUNITY SCHOOLS,
Appellee–Defendant.

No. 20A03–0605–CV–207.

Court of Appeals of Indiana.

Jan. 17, 2007.

Publication Ordered Feb. 22, 2007.

Jay Lauer, South Bend, IN, Attorney for Appellant.

Andrew M. Hicks, Robert G. Devetski, Barnes & Thornburg, LLP, Elkhart, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

### Case Summary

Diane Myers appeals the trial court's dismissal, with prejudice, of her complaint for injunctive relief from the Elkhart Community School Corporation's reassignment of her from principal of Mary Feeser Elementary School to a newly created administrative position, "Principal of Special Projects." We hold the trial court correctly determined Myers was reassigned under her contract and the statutory notice provisions do not apply. Further, as Myers was compensated for the year she was Principal of Special Projects, the trial court correctly dismissed her complaint. We affirm.

### Issues

Two issues are presented for review, which we restate as follows:

1. Whether the trial court properly determined Myers continued to be employed in a capacity consistent with her written contract and therefore the school corporation did not trigger the statutory notice provisions by reassigning her; and

2. Whether Myers' claim for injunctive relief is unavailable.

### Facts and Procedural History

Myers began working for the Elkhart School Corporation in 1973. She was principal of Mary Feeser Elementary School from August 1, 1997, until June 13, 2005. Meyers was employed in that position pursuant to a regular teacher's contract that identified her assignment as "Administrators." Appellant's Appendix at 41.

On or about June 13, 2005, the school corporation informed Myers she was being relieved of her duties as school principal and would be reassigned to another position with the school corporation. Assignment to the new position was pursuant to a regular teacher's contract, which indicated the term ran from August 1, 2005 until June 15, 2006, and identified Myers' assignment as "Administrators." Appellant's App. at 40. The reassignment decision of June 13, 2005 was under the prior year's contract though not to be effective until August of 2005. The school corporation does not dispute the reassignment took place during the August 2004—August 2005 contract.

Myers notified the school corporation that she was entitled to notice of its decision not to renew her contract as principal and entitled to private conferences pursuant to Indiana Code sections 20–6.1–4–17.2 and –17.3 (now Indiana Code sections 20–28–8–3 and –4 respectively[1]). The school corporation responded that Myers was not entitled to such notice as her contract was an administrator's contract, not a principal's contract; her contract was being renewed; and she was merely being reassigned to a different administrator's position.

Myers, in August 2005, assumed her new position as "Principal of Special Pro-

---

1. In 2005, Title 20 was recodified without substantive revision. For clarity, we refer to the same citations used by the parties in their briefs and the trial court in its order.

jects" and executed a contract with the school corporation. Under the new contract, Myers retained her benefits and her salary was slightly increased. However, Myers' new duties were different than her duties as school principal and she felt the new position was a demotion.

Myers filed her complaint against the school corporation on November 9, 2005, seeking a declaratory judgment and injunctive relief. Myers asserted the school corporation violated Indiana Code sections 20–6.1–4–17.2 and –17.3. She alleged the school corporation failed to give her the statutorily required written notice before her removal as principal. She also claimed that under the statutes she was entitled to private conferences with the superintendent and the school board before she could be removed as principal.

Myers' complaint alleged she was entitled to declaratory and injunctive relief for the school corporation's alleged statutory violations "since she does not have an adequate remedy of law and the I.C. section 20–6.1–4–17.2(b) allows for reinstatement of contracts to remedy violation of the statute." Appellant's App. at 13. She requested that the trial court declare the school corporation violated Indiana Code sections 20–6.1–4–17.2 and –17.3; that her reassignment be declared void; that she be immediately reinstated to her position as principal of Mary Feeser Elementary School for at least the remainder of school year 2005–06; and that the school corporation be ordered to comply in the future with Indiana Code sections 20–6.1–4–17.2 and –17.3.

The school corporation filed a Motion to Dismiss Myers' complaint on January 6, 2006. It alleged Myers failed to state a claim upon which relief may be granted pursuant to Indiana Trial Rule 12(B)(6)[2]. The school corporation essentially alleged it did not have to provide Myers the statutory notices because her contract was not being terminated and because she was being reassigned to another position. The school corporation maintained Myers was not entitled to injunctive relief.

Myers filed her response on February 7, 2006. A hearing was held. On April 6, 2006, the trial court subsequently granted the school corporation's Motion to Dismiss with prejudice. The trial court found that so long as Myers was employed by the school corporation in a capacity that was consistent with her 2004—2005 written contract, the school corporation committed no wrong by reassigning her from one position to another. The court further found that even if Myers' contract for 2004—2005 had specifically stated her assignment as "Principal of Mary Feeser Elementary School" and the school corporation had failed to provide the required notice of its intention not to renew the contract to retain her in that position, it is undisputed Myers has been compensated for one additional year for her position as "Principal of Special Projects." Appellant's App. at 8–9. Thus, the trial court found Myers is not entitled to injunctive relief. This appeal ensued.

*Discussion and Decision*

I.  Standard of Review

In reviewing a dismissal premised on Indiana Trial Rule 12(B)(6), facts alleged in the complaint must be taken as true. Dismissal is appropriate only where it appears that under no set of facts could plaintiffs be granted relief. *Morton–Fin-*

---

**2.** The school corporation also alleged dismissal was proper because Myers failed to attach the contract between Myers and the school corporation in the pleadings as required by Ind. Trial Rule 9.2. However, Myers remedied this failure in her response, by attaching copies of her contracts. Appellant's App. 40–41.

*ney v. Gilbert,* 646 N.E.2d 1387, 1388 (Ind. Ct.App.1995).

## II. Continued Employment Consistent with Written Contract

■ Myers complains the school corporation violated Indiana Code sections 20–6.1–4–17.2 and –17.3 when it reassigned her to the administrative building as "Principal of Special Projects" and removed her as school principal without prior written notice or private conferences. Further, she charges the new position does not involve the supervision or administration of any school; was a newly created position established by the school corporation; and was essentially a demotion and "nonrenewal" of her contract.

Contracts between a principal and a school corporation are governed by three requirements. First, the basic contract must be the regular teacher's contract as prescribed by the state superintendent. Second, the term of the initial contract must be the equivalent of at least two years. Third, the contract may be altered, modified, or rescinded in favor of a new contract at any time by mutual consent of the governing body of the school corporation and the principal. Ind.Code § 20–6.1–4–17 (now Ind.Code § 20–28–8–2).

Each year a principal's contract is to expire, the governing body of the school corporation or an employee must provide written notice of renewal or refusal to renew the individual's contract for the ensuing year. Ind.Code § 20–6.1–4–17.2. If no notice is given by February 1 of the year during which the contract is due to expire, the contract then in force shall be reinstated for only the ensuing school year. *Id.* The statute also sets forth notice and conference requirements applicable when the governing body is contemplating a decision not to renew a principal's contract. *See* Ind.Code § 20–6.1–4–17.3.

■ A school corporation may specifically identify the position at a particular school in a contract or may designate a more general category, such as a contract to be an administrator or a principal. *See Cleary v. Bd. of. Sch. Comm'rs of the City of Indianapolis,* 438 N.E.2d 12 (Ind.Ct. App.1982). In *Cleary,* the contract specifically stated Cleary was to be paid for his services as an "elementary principal." *Id.* at 13. There, the school board's failure to comply with the notice provisions of section 17.2 and to provide Cleary with an elementary principal's position constituted a breach of his contract. In a similar case, a principal was employed pursuant to contract as "Monrovia High School Principal." *See Murray v. Monroe–Gregg School District,* 585 N.E.2d 687 (Ind.Ct.App.1982). There, the attempt to employ the principal as something other than the principal of Monrovia High School violated the unambiguous terms of the contract. *Id.* at 691. Thus, the written contract will control whether a school corporation can employ administrators in different capacities. A school corporation has discretionary power to reassign its employees among various positions according to the needs of the school system in situations in which no definite written contract is in force. *Cleary,* 438 N.E.2d at 13 n. 2.

Here, the trial court determined that as long as Myers was employed by the school corporation in a capacity that was consistent with her written contract, the school corporation committed no wrong by reassigning her from one position to another. The language used in Myers' contracts was that Myers was employed as an "Administrator." The contract did not include the designation "Principal of Mary Feeser Elementary School." As she was not assigned to a particular school or position, but rather in a more general administrative capacity, the school corporation did not trigger

the statutory notice provisions when it reassigned Myers.

### III. Entitlement to Injunctive Relief

■ Myers seeks declaratory and injunctive relief, claiming Indiana Code section 20–6.1–4–17.2(b) allows for reinstatement of contracts to remedy violation of the statute. Myers asks to be reinstated as building principal for one more school year.

■ Even if the school corporation had breached the statute, Myers would not be entitled to an additional year as principal of Mary Feeser Elementary School. The only remedy available for a school corporation's failure to follow the notice procedures for non-renewal of a principal's contract is a remedy of damages limited to the following school year. *Caston Sch. Corp. v. Phillips*, 689 N.E.2d 1294, 1298 (Ind.Ct. App.1998). The statutory remedy for failing to give proper notice for canceling a principal's contract is that the school board must continue to employ the principal for one additional school year, allowing the principal ample time to seek other employment. *Id.*

[Section 17.2] provides that if notice is not given, the principal's contract will remain in effect for the following school year, and no longer. [The school corporation] accurately characterizes section 17.2(b) as a liquidated damages provision, reflecting a decision a school system must make, and the consequence of that decision. The school may abide by the notice requirement in section 17.2(a), and if it does so, it may terminate the principal's contract at the end of the current school year. Or, the school may decline to give proper notice; but if it does fail to provide notice, it must continue to employ the principal for one

more school year, allowing the principal ample time to seek other employment. *Id.* at 1298.

It should be noted that the contract in *Caston* was a "principal's contract" and was thus unlike the more generalized "Administrator's" contract in the case before us. Therefore, although Philips may have been entitled to continuation of another year as principal of Caston, Myers was not here entitled to such continued employment under her contract.

In the instant case, Myers signed her new contract and assumed her new administrative position. There is no dispute that Myers has been compensated for one additional year. Myers has suffered no monetary damages. Even if a breach of contract is assumed, Myers has been fully compensated.

### Conclusion

Based on the foregoing, we conclude the trial court properly dismissed Myers' complaint. Myers was employed pursuant to the terms of her contract, which language stated she was employed as an administrator, not as an elementary school principal or a principal of a particular school. Thus, the reassignment did not trigger the statutory notice provisions. Further, inasmuch as Myers was employed as a principal for the following school year, she has suffered no compensable damage.

Affirmed.

SULLIVAN, J., and BARNES, J., concur.

### ORDER

The Appellee, by counsel, has filed a Motion to Publish Memorandum Decision. Appellee requests an order to publish this Court's decision handed down on January

17, 2007. Said decision both clarifies a rule of law and involves a legal issue of substantial public importance.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellee's Motion to Publish Opinion is GRANTED and this Court's opinion heretofore handed down in this cause on January 17, 2007, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

All Panel Judges Concur.