**NORTH MIAMI EDUCATION ASSO-CIATION and Nelda Sue Johnson, Appellants–Plaintiffs,**

v.

**NORTH MIAMI COMMUNITY SCHOOOLS, Appellee–Defendant.**

No. 52A02–9911–CV–754.

Court of Appeals of Indiana.

April 6, 2001.

Richard J. Darko, Eric M. Hylton, Lowe Gray Steele & Darko, LLP, Indianapolis, IN, Attorneys for Appellants.

Donald G. Fern, Fern, Grund & Grund, Peru, IN, Attorney for Appellee.

## OPINION ON REHEARING

RILEY, Judge

Plaintiffs–Appellants, North Miami Education Association (Association) and Nelda Sue Johnson (Johnson) (hereinafter referred to collectively as "Appellants"), have petitioned for rehearing of our decision in *North Miami Educ. v. North Miami Community*, 736 N.E.2d 749 (Ind.Ct. App.2000). We grant Appellants' Petition For Rehearing in order to clarify a change in the law governing the nonrenewal of nonpermanent teacher contracts. Our Opinion to affirm the trial court remains the same.

In *North Miami*, Appellants appealed the trial court's refusal to vacate an arbitrator's award in favor of Appellee–Defendant, North Miami Community Schools. Appellants maintained that Indiana law allowed school corporations and exclusive representatives[1] to agree that nonrenewal of nonpermanent teacher contracts could be a subject of arbitration. *Id.* In addition, Appellants argued that, because the school corporation and exclusive representatives had agreed to arbitration of such nonrenewals, an arbitrator had the authority to reinstate a nonpermanent teacher whose contract renewal had been denied in violation of the collective bargaining agreement. In the instant case, the school corporation did not renew Johnson's contract, a decision later brought before an arbitrator. The arbitrator found that, despite the school corporation's violations of the collective bargaining agreement, he lacked statutory authority to renew a nonpermanent teacher's contract. *Id.* The trial court concluded that neither Indiana law nor the collective bargaining agreement allowed for arbitration of the nonrenewal decision. *Id.*

Affirming the trial court, we determined that a 1992 amendment to the Indiana Code[2] "*allows* school employers and exclusive representatives, such as the Association ...., to mutually agree to binding arbitration with regard to teacher dismissals." *Id.* at 754 (emphasis in original). However, we concluded that the amendment did "not contain any language with respect to an arbitrator's authority to renew a nonpermanent teacher's contract," implying that the amended statute in and of itself does not grant an arbitrator such authority. *Id.* We also determined that the collective bargaining agreement itself did not grant the arbitrator "authority to renew a nonpermanent teacher's contract." *Id.* at 755. In sum, we held that the arbitrator lacked both statutory and contractual authority to renew a nonpermanent teacher's contract. Although we ruled that the arbitrator lacked the contractual authority to renew Johnson's teaching contract, we now write to clarify our interpretation of the 1992 amendment.

■ In determining whether collective bargaining agreements may allow for renewal of nonpermanent teacher contracts by arbitration, we must discern the 1992 amendment's legislative intent. To discern the legislature's intent, we look to the plain language of the statute. IND. CODE § 1–1–4–1(1); *Woods v. State*, 703

---

1. An "exclusive representative" is "the school employee organization which has been ... recognized by a school employer as the exclusive representative of the employees" for purposes of collective bargaining. IND.CODE § 20–7.5–1–2(*l*). Here, the Association is the exclusive representative of the North Miami Community School employees.

2. *See* Act of Feb. 21, 1992, Pub.L. No. 105–1992, § 3(b), 1992 Ind. Acts. 2618 (codified as amended at IND.CODE § 20–6.1–4–14.5).

N.E.2d 1115, 1117 (Ind.Ct.App.1998). An unambiguous statute must be held to mean what it plainly expresses, and a statute's plain and obvious meaning may not be expanded or restricted. *George P. Todd Funeral Home, Inc. v. Estate of Beckner,* 663 N.E.2d 786, 787 (Ind.Ct.App.1996). In other words, " 'in giving the statutory language its plain and ordinary meaning . . . we should not so construe a statute as to willfully and unnecessarily narrow or emasculate its provisions.' " *Indiana State Highway Comm'n v. Indiana Civil Rights Comm'n,* 424 N.E.2d 1024, 1033 (Ind.Ct.App.1981) (omission in original) (quoting *White v. White,* 167 Ind.App. 459, 468, 338 N.E.2d 749, 754 (1975)).

In determining the plain and ordinary meaning of a statutory term, courts may use English language dictionaries and consider the relationship with other words and phrases. *State v. Eilers,* 697 N.E.2d 969, 971 (Ind.Ct.App.1998). In our inquiry, we focus on the meaning of "alter" found in the 1992 amendment. As defined by an English language dictionary, "alter" can mean "[t]o change or make different." *The American Heritage Dictionary of the English Language* 37 (1978). With this plain meaning in mind, the 1992 amendment allows a school employer and an exclusive representative to change section 14's requirements through a collective bargaining agreement.

Specifically, we view the 1992 amendment to the Indiana Code as having broadened the potential reach of collective bargaining agreements between school corporations and exclusive representatives. As amended, the Indiana Code did "not prohibit a school employer and an exclusive representative from collectively bargaining contracts that *alter* the requirements of section[ ] . . . 14." I.C. § 20–6.1–4–14.5(b) (emphasis supplied). Section 14 of the Code, in turn, governing the

contract rights of nonpermanent teachers, establishes minimum procedural hurdles a school corporation must clear for nonrenewal of nonpermanent teacher contracts. *See* I.C. § 20–6.1–4–14. Section 14 requires school corporations, at the teacher's request, to provide the nonpermanent teacher a written statement giving reasons for nonrenewal of the teacher's contract. I.C. § 20–6.1–4–14(b)(1). Such an act is to take place "[b]efore a teacher is refused continuation of [a] contract." *See id.* Furthermore, a school corporation must give a nonpermanent teacher a written evaluation of the teacher's performance at least once annually. I.C. § 20–6.1–4–14(b)(2).

Because of the 1992 amendment, the Indiana Code now expressly allows school employers and exclusive representatives "to collectively bargain contracts that alter the requirements of section[ ] . . . 14." I.C. § 20–6.1–4–14.5(b). Collective bargaining agreements, in addition, may "contain a grievance procedure culminating in final and binding arbitration of unresolved grievances, but such binding arbitration shall have no power to amend, add to, subtract from or supplement provisions of the contract." IND.CODE § 20–7.5–1–4. In sum, the 1992 amendment allows the school employer and the exclusive representative to hoist section 14's procedural hurdles through a collective bargaining agreement, by binding arbitration if they choose.

Nevertheless, as we noted in the majority opinion:

> The Uniform Arbitration Act does not declare which issues are subject to arbitration. *Angell Enterprises, Inc. v. Abram & Hawkins Excavating Co., Inc.,* 643 N.E.2d 362, 364 (Ind.Ct.App.1994). Rather, arbitration arises through contract, and the parties are essentially free to define for themselves what questions

may be arbitrated, remedies the arbitrator may afford, and the extent to which a decision must conform to the general principles of law. *School City of East Chicago, Ind. v. East Chicago Federation of Teachers, Local No. 511, A.F.T.,* 422 N.E.2d 656, 662 (Ind.Ct.App.1981). Thus, an arbitrator is limited by the bounds of the agreement from which he draws his authority and an arbitrator is expected to be aware of those limits. *International Broth. of Elec. Workers,* 428 N.E.2d at 1326.

*North Miami,* 736 N.E.2d at 757.

■ Thus, Ind.Code § 20–6.1–4–14.5 does not give an arbitrator the authority to renew a nonpermanent teacher contract in and of itself, but rather, the statute gives a school employer and an exclusive representative the authority, if they so choose, to include in a collective bargaining contract the contractual authority for an arbitrator to renew a nonpermanent teacher's contract.

However, because in the present case the collective bargaining contract did not include such authority, and because Ind. Code § 20–6.1–4–14.5 does not expressly grant an arbitrator the authority to overturn a school employer's decision to not renew a nonpermanent teacher's contract, the original result should prevail.

KIRSCH and BAKER, JJ., concur.