**Kenneth McMICHAEL, Appellant–Plaintiff,**

v.

**SCOTT COUNTY SCHOOL DISTRICT # 2, Appellee–Defendant.**

No. 72A01–0208–CV–330.

Court of Appeals of Indiana.

March 18, 2003.

John R. Price, Bruce A. Stuard, John R. Price & Associates, Indianapolis, IN, Attorneys for Appellant.

Thomas E. Wheeler II, Locke Reynolds LLP, Indianapolis, IN, Attorney for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Kenneth McMichael appeals the trial court order dismissing his complaint against Scott County School District # 2 ("the District").

We affirm.

### ISSUE

Whether the trial court erred in dismissing McMichael's complaint.

### FACTS

In 1999, McMichael had been employed as a vocational agriculture teacher at Scottsburg High School for twenty-two years. On March 16, 1999, the District advised him that at its April 20, 1999, meeting, the District's Board of Trustees

("the Board") would consider canceling his teaching contract. McMichael asked for a written statement of reasons. He was provided such a statement, attached to which were various reprimands from his personnel file. At McMichael's request, the Board conducted hearings about the possible termination on seven occasions in April and May of 1999. Thereafter, on June 7, 1999, the Board voted to cancel McMichael's contract.

McMichael pursued the procedure established in the master contract between the Board and Scott County School District 2 Classroom Teachers Association ("the contract") and filed a grievance. Specifically, McMichael claimed that the District had violated the contract and his due process rights therein when it "introduced written reprimands that were attachments to the statement of reasons as evidence in the dismissal hearing ... without redacting any alleged facts." (District's App. 58). The "remedy sought" in McMichael's grievance was that he "be reinstated with full back pay and benefits." *Id.*

The processing of McMichael's grievance culminated in arbitration. After a lengthy evidentiary hearing, the Arbitrator found the applicable provision of the contract to be "mandatory" in requiring that "[u]nredacted reprimands must not be seen" by the Board when it considered possible termination. (McMichael's App. 29). Because the "Board had access to material that was prohibited to them," the Arbitrator held, "[t]he due process procedures negotiated on behalf of persons situated such as Mr. McMichael were breached." *Id.* 30, 31. The Arbitrator's order of March 9, 2000, directed that McMichael be "returned to employment," "paid all monies he would have earned but for this breach" of the contract, and "credited" for all fringe benefits "as if this incident had not occurred." *Id.* at 31.

Within the ninety-day statutory timeframe, *see* IND.CODE § 34–57–2–14, on May 31, 2000, the District filed a complaint to vacate the Arbitrator's order. This lawsuit was filed in Scott Circuit Court and assigned cause number 68. Three months later, on August 28, 2000, with new counsel acting on his behalf, McMichael filed a complaint for damages he suffered "by virtue of the fact that he was improperly terminated by" the District. (McMichael's App. 7). This lawsuit was also filed in Scott Circuit Court, and it was assigned cause number 125.

On October 23, 2000, the District filed a motion to dismiss McMichael's complaint, with accompanying exhibits. The District argued *inter alia* for dismissal under Trial Rule 12(B)(6), in that McMichael had sought relief through the arbitration process, all consequential damages should have been covered therein, and any damages not argued to the Arbitrator could not now be sought "in this separate action." (District's App. 9). Thus, the District argued, McMichael's complaint "fail[ed] to state a claim upon which relief could be granted." *Id.* at 10. McMichael opposed the motion to dismiss, but he did not ask that his complaint be joined in the District's complaint to vacate.

On August 2, 2001, hearings were held on the District's complaint to vacate the Arbitrator's award. On September 21, 2001, the trial court affirmed the award of the Arbitrator. (McMichael's App. 81).

In December of 2001, a special judge was appointed to hear McMichael's complaint. Subsequently, correspondence in April of 2002 between McMichael's counsel and counsel for the Board confirmed the exact amounts owed by the District to McMichael to "fully compensate[ ] for all his losses under the arbitration award."

District's App. 86. Then, on May 22, 2002, the special judge heard arguments on the District's motion to dismiss McMichael's complaint. The motion was granted on July 18, 2002, and McMichael's lawsuit dismissed. It is from this ruling that McMichael appeals.

### DECISION

██ Both parties cite the standard of review for a T.R. 12(B)(6) motion to dismiss. However, the District's motion was accompanied by "supporting materials." District's Br. at 1. And the brief in support of its motion referred to the attached master contract[1] and McMichael's filed grievance. In his brief opposing the District's motion, McMichael referred to the District's contract exhibit. Further, the correspondence between counsel regarding the specific amounts covered by the Arbitrator's award was presented to the trial court before the hearing on the District's motion. We presume these materials were discussed by the parties in their arguments before the court.[2]

"If, on a motion" to dismiss pursuant to T.R. 12(B)(6) "for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion *shall* be treated as one for summary judgment and disposed of as provided in Rule 56." T.R. 12(B) (emphasis added). Summary judgment "shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

T.R. 56(C). When the facts are not in dispute, "the court's task is to apply the relevant law to the undisputed facts." *Speedway Int'l Trucks, Inc. v. Rosselle*, 648 N.E.2d 1161, 1162 (Ind.1995). Our task upon review is the same. *Id.*

Here, we find no disagreement between McMichael and the District as to the underlying facts. Thus, we consider whether the District was entitled to judgment as a matter of law based upon those facts.

The District argues that because McMichael had sought and received damages pursuant to his contract grievance rights, the election of remedies doctrine precludes his subsequently bringing a lawsuit for damages he incurred when he was terminated from employment.[3] We agree.

██ The election of remedies doctrine is equitable in origin. *Chosnek v. Rolley*, 688 N.E.2d 202, 207 (Ind.Ct.App.1997). The doctrine is intended to prevent excessive and repetitive litigation. *Hoover v. Hearth & Home Design Ctr.*, 654 N.E.2d 744, 745 (Ind.1995). The doctrine applies when a party who has two co-existing but inconsistent remedies elects to pursue one remedy to a conclusion rather than sue on the other remedy. *Id.* Under the doctrine, electing one's remedy "imports an intentional, deliberate choice of remedies by the party making the election." 11 I.L.E. *Election of Remedies* § 4 (1998). "Where there are concurring effectual remedies, the choice and uninterrupted prosecution of one excludes the others." *Id.*

Here, the contract does not preclude McMichael from initially filing an action in

---

1.  McMichael's own appendix also contains the contract.

2.  McMichael's record contains no transcript of the hearing.

3.  McMichael's complaint also included a count seeking damages for defamation. The

District asserted that because McMichael had never filed a tort claims notice, this cause of action was barred under the Indiana Tort Claims Act. McMichael does not provide any argument to the contrary. Hence, we consider only his damages claim described above.

the court to claim the violation of his contract and his improper termination. However, McMichael elected to challenge his termination and the resulting financial loss by pursuing a grievance under the procedure provided in the contract. The express remedy he sought therein was to "be reinstated with full back pay and benefits." (District's App. 58). The result was an arbitration award that ordered his return to employment and payment of all money and benefits he would have earned if the termination had not occurred. The District filed its complaint to vacate the award ordered by the Arbitrator, and by the time the trial court ruled on the District's motion concerning McMichael's complaint, that award had been affirmed. Thus, McMichael's elected remedy under the grievance procedure had reached its conclusion, and the trial court now faced the question of whether McMichael could subsequently pursue a separate lawsuit to seek various damages allegedly suffered as a result of his termination.

McMichael argues that the election of remedies does not bar his complaint because it sought "compensation for injuries the arbitrator's award could not reach." McMichael's Br. at 17. However, he directs us to no authority for his statement. In his brief, McMichael described the complaint as seeking

> the following monetary losses: Reimbursement for money borrowed for living expenses during the period of time he was improperly terminated by the defendant; interest on loans and credit cards to pay personal living expenses for the same; lost interest on investments he was forced to liquidate to pay for living expenses; expenses in seeking employment with a career counseling company; mileage, phone calls, postage, and other costs incurred in the process of seeking employment; the return of personally owned tools kept from him

upon his wrongful termination; reimbursement for work he had performed in regard to Young Farmers Seminars for the School Corporation for which he was not paid; eight days of his contract for which he was not reimbursed; legal fees for representation regarding termination by the School Corporation; reimbursement for sums for which [he] is obligated to the Indiana State Teacher's Association for their involvement in his termination case; loss of farm stock occurring as a result of his not being able to build a barn due to his improper termination and inability to finance the building to protect said animals; mileage, costs and expenses for travel arising as a direct result of his termination; interest on his teacher's retirement account and damage to his reputation and marketability as a teacher arising from his termination.

McMichael's Br. at 20.

As McMichael notes, the scope of issues that may be arbitrated is determined by the contract. *See North Miami Educ. Ass'n v. N. Miami Cmty. Schs.*, 736 N.E.2d 749, 757 (Ind.Ct.App.2000), *clarified* 746 N.E.2d 380 (Ind.Ct.App.2001), *trans. denied.* The meaning of the terms of a contract is a question of law for the court. *Heritage Dev. Of Ind., Inc. v. Opportunity Options, Inc.*, 773 N.E.2d 881, 891 (Ind.Ct.App.2002). According to the contract, a grievance "is an alleged violation" of the contract, and the "purpose of the grievance procedure is to settle equitably ... claims of violation" of the contract. (McMichael's App. 61). No limits to such a settlement are stated. The scope of a possible damages award under the contract grievance procedure appears quite broad. If McMichael had sought in the grievance process the damages he now argues—and provided evidentiary support therefor—we do not find that as a matter

of law, the terms of the contract would have prohibited compensation for those damages.

In his reply, McMichael argues that the election of remedies doctrine does not apply because his complaint sought "damages that arose after the arbitrator's award was entered," which would make it "impossible for him to have deliberately selected one of two available remedies when the second remedy had not yet arose [sic]." Reply at 7. When we review McMichael's recitation of the damages he sought in his complaint, as set out above, we cannot agree that the alleged consequential damages "arose after the arbitrator's award was entered." *Id.* Therefore, this argument must fail.

Affirmed.

NAJAM and VAIDIK, JJ., concur.